**UNITED STATES of America,**
**Appellee,**

v.

**Gary Lamont THOMAS, Appellant.**
**No. 72–1663.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 22, 1973.

Decided March 23, 1973.

Thomas W. Brooks, Overland Park, Kan. (Jon S. Willard, Overland Park, Kan., with him on the brief), for appellant.

Edward H. Funston, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and Glen S. Kelly, Asst. U. S. Atty., with him on the brief), for appellee.

Before HILL and DOYLE, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

The appellant was convicted upon an indictment charging him with armed robbery of a bank in violation of 18 U.S.C.A. § 2113(a), (d) and 18 U.S.C.A. § 2.

On this appeal, he first argues that the receipt into evidence of a conversation had between the appellant and a Deputy United States Marshal, while he had appointed counsel and in the absence of such counsel, was reversible error.

This issue arose as a result of the transportation of Thomas by two Deputy Marshals from the United States Magistrate's court in Belleville, Illinois, to the St. Clair County Jail in that city, following a removal hearing on the charge of which he now stands convicted. The Marshals had previously arrested Thomas on the charge here involved and had brought him to the jail from an Illinois penal farm. After the removal hearing, and while the appellant was being taken back to jail, he said he couldn't understand how he could be tried for the bank robbery case, since the charge had earlier been dismissed, unless one of his partners on the job was going to testify against him.

Appellant had been advised of his rights when he was picked up at the jail to go to the Magistrate's office and again at the removal hearing. A lawyer was appointed to represent him at the removal hearing.

During the course of the trip back to jail, neither Marshal asked appellant any question, and, indeed, one of the Marshals said nothing at all. The other Marshal's only comment was his response, "I don't know," to appellant's question concerning the ability of the United States Attorney to prosecute him for the offense when the charge had previously been dismissed.

The court below held a full hearing on the issue and correctly found that appellant had freely and voluntarily made the statements with full knowledge of his *Miranda* rights and without any interrogation by the officers. Hence, there is lacking any deliberateness on the part of the federal officers, and Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1963), is not applicable.

The set of circumstances here presented does not raise the issue decided in United States v. Thomas, 474 F.2d 110 (10th Cir. 1973). What transpired on the return trip to jail cannot be characterized as an in-custody interview of appellant conducted by agents of the prosecuting party in the absence of and without the knowledge of his counsel. Hence, the ethical question raised in *Thomas* is not present in this appeal.

Appellant next argues that the Government should have made both Marshals available at trial. Only the Marshal who had made a comment during the trip back to the jail was called as a witness by the prosecution.

The record reflects that the defense made no motion under Fed.R.Crim.P. 17(b) or (f) either to subpoena the second Marshal or to depose him. Further, no motion was made at trial for a continuance so that the attendance of the

second Marshal could be secured. The assertion that the defense was assured that both Marshals would be made available at trial is not supported by the record.

The defendant testified in his own behalf and controverted what the Marshal who testified had said. To assert, as is here being done, that examination of the second Marshal might furnish further evidence as to what actually transpired is to indulge in speculation. This claim raises no meritorious issue.

■ Appellant next advances the argument that certain exculpatory evidence was included in F.B.I. laboratory reports that was not made available for defense purposes. The specific allegation is that the clothing examined in the F.B.I. laboratory contained Caucasian hair, as well as Negro hair. Appellant is Negro.

Under the Omnibus Hearing Report, the Government's file was continuously available for inspection. The defense was never refused anything that was requested. There was simply no request for the information that now is thought to be important.

Appellant's next charge of error is that there was a break in the chain of custody with regard to certain real evidence offered at trial. Suffice it to say that the record below reflects that this contention is unfounded.

■ Nor is there any merit to his contention that the prosecution failed to establish that more than $100.00 was taken away from the bank during the robbery. The bank sustained a loss of more than $12,000.00 in the robbery, $3,000.00 of which was recovered outside the bank immediately after the robbers fled from the bank.

■ Finally, appellant asserts that the court erred in refusing to give its requested instruction dealing with the *Miranda* warning in connection with the admissions made to the Deputy Marshal.

The court gave an instruction which advised the jury that the circumstances surrounding such an admission must be carefully scrutinized to determine whether the statement was voluntarily made. The jury was also instructed that, if the evidence did not convince its members beyond a reasonable doubt that the admission was made voluntarily, the admission should be entirely disregarded.

The court's instructions were proper and fully protected appellant's interest.

Affirmed.