**UNITED STATES of America, Appellee,**

v.

**Lonnie TURNER, Appellant.**

**No. 77–1554.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1977.

Decided Nov. 17, 1977.

J. Justin Meehan, Howard, Singer & Meehan, St. Louis, Mo., for appellant.

Barry A. Short (former U. S. Atty.), and James J. Barta, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, WEBSTER and HENLEY, Circuit Judges.

PER CURIAM.

Lonnie Turner was convicted of possession of a firearm after having been previously convicted of a felony. 18 U.S.C.App. § 1202(a)(1). He was sentenced to two years imprisonment. We affirm.

Turner was arrested after two St. Louis police officers saw him carrying a bundle from which three firearms protruded. One of the officers was previously acquainted with Turner. The officer called to Turner, who then dropped the bundle and ran. He was quickly apprehended by the officers, who placed him under arrest and read him his *Miranda* rights. Turner refused to make any statements.

After the officers determined that the firearms had been stolen the day before, they contacted the Bureau of Alcohol, Tobacco and Firearms, Department of the Treasury. Two agents of the Bureau came to question Turner. The agents advised Turner of his *Miranda* rights and asked him to sign a form waiving his constitutional

rights. Turner refused to make any statement or sign the waiver of rights form. One of the agents left the room, and the other then asked Turner for information concerning his personal history. At that time, the agent testified that Turner volunteered the statement that he had gotten the guns from a friend to sell for a few dollars. Turner made no further statements with respect to the incident.

On appeal, Turner first contends that the trial court erred in admitting the statement he allegedly made to the agent of the Bureau of Alcohol, Tobacco and Firearms. It has been clearly established that a defendant has a right to cut off questioning when he has indicated he will not make a statement. *Miranda v. Arizona,* 384 U.S. 436, 473–474, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Michigan v. Mosley,* 423 U.S. 96, 102–106, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *United States v. Finch,* 557 F.2d 1234, 1236 (8th Cir. 1977). It is equally clear, however, that voluntary statements are admissible. Here, the agent was not questioning Turner as to the crime, but was instead obtaining routine personal identification information. The agent testified that Turner volunteered the statement on his own and not in response to questioning. Similar unresponsive custodial statements have been found to be admissible. *See United States v. Thomas,* 475 F.2d 115, 116–117 (10th Cir. 1973); *Parson v. United States,* 387 F.2d 944, 945–946 (10th Cir. 1968); *Spinelli v. United States,* 382 F.2d 871, 890–892 (8th Cir. 1967), *reversed on other grounds,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We note, moreover, that there has been no allegation of government coercion or deception in obtaining the statement. Thus, the trial court did not err in admitting the statement.

Turner's next contention is that the reading of the indictment was unduly prejudicial because it specified the nature of his prior felony. An essential element that must be proven to sustain a conviction under 18 U.S.C.App. § 1202(a)(1) is that the defendant must have been a convicted felon at the time he received or was in possession of a firearm. *United States v. Mancino,* 474 F.2d 1240 (8th Cir.), *cert. denied,* 412 U.S. 953, 93 S.Ct. 3020, 37 L.Ed.2d 1007 (1973). A stipulation as to the existence of an unspecified prior felony conviction of the defendant was introduced at trial. No other evidence was introduced at trial as to the nature of the prior felony. Neither the stipulation nor the correspondence between the defense counsel and the Assistant U. S. Attorney indicate that any agreement had been reached with respect to the reading of the indictment which specified the nature of the felony conviction. Even though there was no specific agreement with respect to the reading of the indictment, we believe that once the trial court had been informed of the stipulation of counsel, he should have read the indictment to the jury without reference to the nature of the felony conviction. However, we do not feel that this error was unduly prejudicial in, light of the substantial evidence of Turner's guilt. *See United States v. Corbett,* 518 F.2d 113, 116 (8th Cir. 1975); *United States v. Fields,* 500 F.2d 69, 70–72 (6th Cir.), *cert. denied,* 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667 (1974); *United States v. Matthews,* 453 F.2d 1237, 1238 (8th Cir. 1972).

Turner's final contention is that the trial court should have granted the defense motion for an acquittal because the government failed to prove that the objects Turner possessed were in fact firearms. This contention is without merit. The jury was properly instructed as to the statutory definition of a firearm under 18 U.S.C.App. § 1202(c)(3). The owner of the guns testified that he had fired two of them on several occasions. He further testified that based upon his twenty-six years of experience with firearms, the objects in question were firearms within the statutory definition.

Affirmed.