### UNITED STATES of America, Plaintiff–Appellee,

v.

### Walter James BLANNON, Defendant–Appellant.

### No. 87–5574.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1987.

Decided Jan. 11, 1988.

Rehearing and Rehearing En Banc Denied Feb. 3, 1988.

M. Brooke Murdock, Asst. Federal Public Defender (Fred Warren Bennett, Federal Public Defender; Stephen J. Cribari, Deputy Federal Public Defender on brief), for defendant-appellant.

Peter M. Semel, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty. on brief), for plaintiff-appellee.

Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

---

K.K. HALL, Circuit Judge:

Walter James Blannon appeals his sentence of twenty-three years without parole following a jury conviction on charges of possession of a firearm by a felon in violation of 18 U.S.C.App. II § 1202(a)(1), as amended by the Armed Career Criminal Act of 1984 ("ACCA"). Finding this appeal to be without merit, we affirm.

## I.

Blannon entered a plea of not guilty to a one-count indictment charging him with having been convicted of a felony and knowingly possessing a firearm shipped in interstate commerce. Prior to the trial the government filed an information which served the defense with notice that the government would seek an enhanced punishment under the ACCA.[1] The evidence then adduced at trial revealed that on October 20, 1986, Baltimore City police officers observed Blannon place a handgun in his coat pocket after exiting an alley. The officers approached Blannon, searched him and recovered a .32 caliber revolver loaded with seven live cartridges. The serial number on the weapon had been obliterated. A firearms expert was able to reconstruct five of the six serial numbers and it was determined that the firearm was manufactured in Maryland and distributed in Florida. Evidence was also presented at trial that Blannon had been arrested nineteen times between the ages of fourteen and eighteen and had three prior burglary/robbery convictions. The jury returned a verdict of guilty and the district court sentenced Blannon to twenty-three years imprisonment without eligibility for parole.

## II.

Blannon contends on appeal that the ACCA created a new offense, not merely an enhancement of the two-year sentence previously provided in 18 U.S.C. § 1202(a)(1). He contends that unless all of the elements of the offense are charged in an indictment and proved beyond a reasonable doubt, the sentence imposed would violate his fifth amendment due process rights. Blannon also contends that the trial court abused its discretion when it sentenced him to twenty-three years in prison without parole. As a final point on appeal, Blannon argues that the trial court should have applied the Rule of Lenity in sentencing him. Finding no merit to any of these claims, we address them seriatim.

The government argued below and in this appeal that the ACCA created only an enhanced punishment that could be imposed when a defendant was properly convicted for the substantive offense of being a felon in possession, and three prior convictions were established before the sentencing judge. We are persuaded by the government's argument. Several other circuits have decided this identical issue. The Tenth, Third and D.C. Circuits have all held that the ACCA did not establish a separate federal offense, which must be proven beyond a reasonable doubt. *See United States v. Gregg*, 803 F.2d 568 (10th Cir. 1986); *United States v. Hawkins*, 811 F.2d 210 (3rd Cir.1987); and *United States v. Jackson*, 824 F.2d 21 (D.C.Cir.1987). Only the Fifth Circuit has reached the opposite conclusion in *United States v. Davis*, 801 F.2d 754 (5th Cir.1986). We decline to follow the Fifth Circuit and instead join the majority of the circuits that have considered the issue. We agree with the district court that an examination of the statutory language, structure, and legislative history, clearly indicates that the ACCA

---

1. 18 U.S.C.App. 1202(a) carried a two-year sentence for possession of a firearm by a convicted felon. The Armed Career Criminal Act of 1984 amended 18 U.S.C.App. 1202(a) by adding the following sentence:

In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for rob-

bery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

created only an enhanced sentencing provision.

 We find no indication that the district court abused its discretion when it sentenced Blannon to twenty-three years in prison. The ACCA requires a sentencing judge to sentence a defendant to a minimum mandatory sentence of fifteen years imprisonment without parole. The statute imposes no upper limit. By implication, the maximum penalty under the ACCA is life imprisonment. *Cf. United States v. Bridges,* 760 F.2d 151 (7th Cir.1985). The twenty-three year sentence was therefore within the statutory parameters granted by Congress. A trial judge is vested with broad discretion in sentencing, and if the sentence is within the statutory limits it will not be reviewed in the absence of extraordinary circumstances. *United States v. Norris,* 749 F.2d 1116 (4th Cir.1984). We can find no extraordinary circumstances here to warrant review of the district court. Moreover, the district court specifically set out reasons for imposing the twenty-three year sentence.[2]

Blannon's final contention on appeal is equally without merit. Blannon argues that the language of the ACCA is ambiguous and therefore the trial court should have applied the "Rule of Lenity." In *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), the Supreme Court held that the policy of lenity "means that the court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be no more than a guess as to what Congress intended." However, a court may not manufacture an ambiguity in order to defeat Congress' intent. We are satisfied that Congress clearly intended to incapacitate and to punish severely persons convicted of violating the ACCA. We, therefore, find no ambiguity in the statute which would require the application of the "Rule of Lenity."

**2.** The court stated that it wished to incapacitate the appellant to prevent him from committing crimes and that incapacitation had always been

### III.

For all the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

viewed as one of the appropriate ends of punishment.