914 F.2d 249
 31 ERC 2033, 21 Envtl. L. Rep. 20,373
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harrison JUDE, Defendant-Appellant.
 No. 90-6504.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 23, 1990.
Decided Sept. 12, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Charles H. Haden, II, Chief District Judge. (CR-88-226-3)
 Cecil Carl Varney, Varney, Simons & Associates, Williamston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Sanford Benjamin Bryant, Assistant United States Attorney, Huntington, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 On September 27, 1988, the appellant Harrison Jude was charged in a four-count indictment alleging violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. Secs. 6901, et seq. Pursuant to a plea agreement, Jude entered a guilty plea to one count of the indictment: specifically, transporting hazardous wastes without a manifest in violation of 42 U.S.C. Sec. 6928(d)(5). On August 14, 1989, the United States District Court for the Southern District of West Virginia sentenced Jude to three years probation and a fine of $75,000 and ordered him to comply with administrative orders of West Virginia and Kentucky environmental protection authorities. Jude timely filed a motion for reduction of the fine pursuant to the then applicable Federal Rule of Criminal Procedure 35. The district court denied Jude's motion and Jude now appeals the denial of that motion. For the reasons explained below, we affirm the sentence.
 
 I.
 
 2
 Jude was the chief executive officer of Kermit Lumber and Pressure Treating Company, which operated a lumber processing facility at Grey Eagle, Mingo County, West Virginia. At the facility, lumber was treated with a chromium copper arsenic solution.
 
 
 3
 On July 9, 1987, a representative from the West Virginia Department of Natural Resources ("DNR") conducted a routine administrative inspection at Kermit Lumber. The inspector discovered a large cylindrical tank containing clean-out wastes exceeding the regulatory standards for arsenic content in waste materials. Further testing revealed soil contamination at the facility.
 
 
 4
 The DNR issued a proposed administrative order in October 1987 directing Jude to submit a proposal to determine the extent of soil and groundwater contamination and to plan subsequent remediation. Jude engaged an engineering firm to assist him in complying with the administrative order. During the ensuing months Jude's attorney had several discussions with the DNR concerning the order.
 
 
 5
 In April 1988, DNR learned that the tank had been moved from Grey Eagle to Martin County, Kentucky. Upon execution of a search warrant, investigators determined that the tank contained 14,040.64 kilograms of arsenic clean-out waste. Neither Jude nor Kermit Lumber possessed the requisite permit to transport the hazardous waste and the Martin County site was not permitted to receive or store hazardous waste. Therefore, Jude's removal of the tank was a violation of his obligations to DNR and the requirements of RCRA.
 
 
 6
 Upon his plea of guilty, Jude could have been sentenced to two years in prison and a fine of $50,000 per day for each violation under 42 U.S.C. Sec. 6928(d)(5); or to an alternative fine of $250,000 under 18 U.S.C. Sec. 3571(b)(3). The district court fined Jude $75,000 and imposed a $50.00 criminal assessment. Pursuant to Federal Rule of Criminal Procedure 35, Jude filed a motion for a reduction of the fine and assessment. The court denied the motion.
 
 II.
 
 7
 A trial judge is vested with broad discretion in sentencing. The amount of the fine was well within the statutory maximum for Jude's crime. As this court has consistently held, if a sentence is within the statutory limits, it will not be reviewed in the absence of extraordinary or exceptional circumstances. E.g., United States v. Blannon, 836 F.2d 843, 845 (4th Cir.), cert. denied, 486 U.S. 1010 (1988); United States v. Schocket, 753 F.2d 336, 341 (4th Cir.1985); United States v. Norris, 749 F.2d 1116, 1122 (4th Cir.1984), cert. denied, 471 U.S. 1065 (1985). Upon reviewing the record in this case, we find no extraordinary circumstances here to warrant review of the district court's decision.
 
 
 8
 Jude also notes that "limited review is available when sentencing discretion is not exercised at all," Dorszynski v. United States, 418 U.S. 424, 443 (1974), or when "a trial judge has grossly abused the discretion afforded him," United States v. Akinseye, 802 F.2d 740, 746 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987). However, Jude has not identified any abuse of discretion or failure to exercise discretion by the district court judge. Prior to the imposition of the sentence, Jude, his attorney, and the Assistant United States Attorney addressed the court. The district court judge was also aware of the materials Jude submitted concerning his financial status and the information contained in the pre-sentence report, including the government's and Jude's versions of the case. In this appeal, Jude failed to show that the court did not consider all relevant matters. Moreover, in the court's order denying his Rule 35 motion, the court explicitly found "that at the time of sentencing the Defendant had and now has adequate assets with which to satisfy the fine imposed." Joint Appendix at 81.
 
 III.
 
 9
 Accordingly, we find that the district court did not abuse its discretion in assessing the fine, and Jude's sentence is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court, and oral argument would not aid the decisional process. See Fed.R.App.P. 34(a)(3); Loc.R. 34(a).
 
 
 10
 AFFIRMED.