9 F.3d 1544
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene Aldon GREGG, Defendant-Appellant.
 No. 92-5871.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 15, 1993.
Decided: November 10, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.
 John A. Dusenbury, Jr., Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, John Howarth Bennett, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Eugene Aldon Gregg appeals from his convictions and enhanced sentence. The enhanced sentence was imposed after Gregg was convicted for bank robbery in violation of 18 U.S.C.A.ss 2113(a), (d) (West 1984 & Supp. 1993), for possession of a firearm after having been convicted of a felony in violation of 18 U.S.C.A. § 922(g) (West Supp. 1993), and for use of a firearm during and in relation to a bank robbery in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1993). Gregg argues that the district court improperly denied his motion to suppress an out-of-court identification and that the district court erred in sentencing him as an Armed Career Criminal because he did not receive adequate notice of the proper predicate offenses. Because we find that, by pleading guilty, Gregg waived non-jurisdictional constitutional claims, we grant the government's motion to dismiss the first issue on appeal. Furthermore, because we find that Gregg received adequate notice of the proper predicate offenses, we affirm the sentence.
 
 I.
 
 2
 After the district court denied Gregg's motion to suppress an out-of-court identification, Gregg pled guilty to all three counts. Under the agreement, Gregg waived all rights to appeal whatever sentence was imposed but reserved the right to appeal upward departures from the Guidelines range and the classification as an Armed Career Criminal. Prior to Gregg's guilty plea, the government notified Gregg that he qualified as an Armed Career Criminal pursuant to 18 U.S.C.A. § 924(e) (West Supp. 1993). The notice specified three prior convictions upon which the government based its allegation.[1] After considering Gregg's criminal record, the district court sentenced him as an Armed Career Criminal, pursuant to United States Sentencing Commission, Guidelines Manual,s 4B1.4 (Nov. 1992) to imprisonment for 188 months on Count One, 188 months on Count Two, running concurrently, and sixty months on Count Three, running consecutively.
 
 II.
 
 3
 Gregg questions the district court's denial of his motion to suppress. However, by pleading guilty, Gregg waived all antecedent nonjurisdictional claims. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Pickett, 941 F.2d 411, 416-17 (6th Cir. 1991). Because Gregg could have reserved the right to appeal this issue with approval of the court and consent of the government, his failure to include such a reservation waived all objections to the out-of-court identification. Accordingly, we grant the government's motion and do not review this claim.
 
 III.
 
 4
 Gregg also alleges that the district court violated his due process rights by sentencing him as an Armed Career Criminal without providing him notice of the correct predicate offenses.[2] Gregg's claim is factually incorrect and legally meritless, and accordingly, we affirm his sentence.
 
 
 5
 Initially, we note that Gregg's sentence was enhanced through the operation of U.S.S.G. § 4B1.4. When a defendant's sentence is enhanced because he is an Armed Career Criminal under the Guidelines, due process does not require notice.[3] United States v. Whitaker,938 F.2d 1551, 1552 (2d Cir. 1991); United States v. McDougherty, 920 F.2d 569, 575 (9th Cir. 1990). Due process is satisfied in this context if the government meets its burden to prove the predicate felonies by a preponderance of the evidence, McDougherty, 920 F.2d at 575, and we find those minimal requirements met in this case.
 
 
 6
 Furthermore, the record belies Gregg's claim that he did not receive adequate notice of the correct offenses used to enhance his sentence. The government's initial notice, filed on June 20, 1992, clearly stated that the government could amend the notice at any time. On June 29, 1992, the government filed a Pretrial Services Report, which was provided to Gregg. This report contained the correct predicate felonies.[4] Furthermore, the initial Presentence Report listed all Gregg's prior convictions. Finally, the Presentence Report stated the correct predicate offenses.[5] Given this sequence, we find that Gregg had ample notice of the predicate felonies relied upon by the government.
 
 
 7
 Accordingly, we find that Gregg waived his right to challenge the suppression motion on appeal and we affirm the district court's decision holding that due process had been satisfied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The felonies specified were felony assault with a deadly weapon, first degree burglary, and felony burning of a building
 
 
 [2]
 The convictions ultimately used as a basis for imposing the enhanced sentence varied from those on the government's initial notice. One of the three predicate offenses initially noted by the government was not a predicate felony
 
 
 [3]
 This view is consistent with this Court's prior holding that the Armed Career Criminal Act is merely a sentencing enhancement provision not subject to constitutional standards for substantive offenses. See United States v. Blannon, 836 F.2d 843, 844-45 (4th Cir. 1988)
 
 
 [4]
 This report is not part of the record on appeal, if at all. Gregg, however, does not dispute that the proper predicate offenses were included in this document, and indeed admitted at the sentencing hearing and before sentencing that three predicate felonies existed. (A. 38-41)
 
 
 [5]
 The Presentence Report listed 12 criminal convictions