UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4031

STEVEN NORRIS CLAYTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CR-95-104)

Submitted: May 27, 1997

Decided: June 23, 1997

Before WIDENER and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defendant, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, William A. Webb, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven Norris Clayton entered a guilty plea to felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (1994), and possession of an unregistered firearm, 26 U.S.C. § 5861(d) (1994). Clayton had more than three prior violent felonies and was ultimately sentenced as an armed career criminal to a term of 211 months imprisonment, 120 months on the first count and 91 months on the second to be served consecutively. See United States Sentencing Commission, Guidelines Manual, § 4B1.4 (Nov. 1995). He appeals his conviction and sentence arguing primarily that the district court violated Federal Rule Criminal Procedure 11 by failing to inform him of the effect of USSG § 4B1.4 on his sentence. We affirm.

Clayton was arrested in possession of an unregistered sawed-off shotgun after he burst into an apartment and threatened the occupants with the firearm. After the police arrived, Clayton surrendered to their custody and a neighbor pointed out where the gun could be found.

Clayton contends that his guilty plea is invalid because the district court did not inform him during the plea hearing that enhanced penalties would apply as a result of his criminal history. The district court is required by Rule 11(c)(1), Federal Rule of Criminal Procedure, to "clearly advise a defendant of the statutory maximum and mandatory minimum." United States v. Good, 25 F.3d 218, 223 (4th Cir. 1994). The court is also required under Rule 11(c)(1) to inform the defendant that it will "consider any applicable sentencing guidelines but that it may depart from those guidelines under some circumstances."

During the Rule 11 proceeding, the court advised Clayton that he could be sentenced to not more than ten years in prison on each count, which is the maximum penalty provided by the statutes. 18 U.S.C. § 924(a)(2); 26 U.S.C. § 5871 (1994). **1** The court also informed Clay-

_____

**1** Clayton's suggestion on appeal that the district court misled him regarding the maximum sentence is not borne out by the record. Appel-

2

ton that his sentence would be determined by the sentencing guidelines, and it explained the situations in which an upward or downward departure may be warrented. However, the district court was not required to inform Clayton of what the applicable guideline range would be before accepting his guilty plea. United States v. DeFusco, 949 F.2d 114 (4th Cir. 1991). Moreover, it would be unreasonable to impose on the district court an absolute responsibility to inform a defendant that he will be sentenced as a repeat offender. See Oyler v. Boles, 368 U.S. 448 (1962) (noting determination that defendant is habitual defender may be made in separate proceeding). At the time of the plea hearing, the district court will seldom, if ever, be aware of the exact nature of the defendant's prior record. [2] To require the district court to inform a defendant of the exact operation of his or her criminal history in determining the sentence would be tantamount to mandating that the presentence report be prepared before the plea is accepted. We have previously declined to impose this procedure on the district court, United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995), and we decline to do so at this juncture. The district court did not violate the mandates of Rule 11 by failing to mention the specific guideline range required by § 4B1.4. [3]

Clayton relies almost exclusively on our opinion in United States v. Goins, 51 F.3d 440 (4th Cir. 1995), to support his position that his conviction must be vacated. In Goins, we held that the district court

_____

lant's Br. at 10. The district court was clear in stating that Clayton was subject to ten years in prison on each count. J.A. 16-17.

[2] When considering Clayton's objection to the application of § 4B1.4, the district court noted that it had no way of knowing during the Rule 11 hearing whether Clayton would qualify as an armed career criminal. J.A. at 37.

[3] This view is consistent with this Court's prior holding that the Armed Career Criminal Act is a sentencing enhancement provision not subject to constitutional standards for substantive offenses. See United States v. Blannon, 836 F.2d 843, 844-45 (4th Cir. 1988). In addition, the conclusion is consonant with that of other circuits which have rejected the argument that USSG § 4B1.1 sets a statutory minimum that must be explained at the Rule 11 hearing. United States v. Selfa, 918 F.2d 749, 752 (9th Cir. 1990); United States v. Pearson , 910 F.2d 221, 223 (5th Cir. 1990).

3

committed reversible error by neglecting to inform the defendant that he was subject to a mandatory minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B)(iii) (1994). Goins, 51 F.3d at 405. We noted that the error was not harmless in that case because the defendant had no knowledge of the mandatory minimum at the time of the plea. Id. at 403 (distinguishing United States v. Johnson , 1 F.3d 296 (5th Cir. 1993), and United States v. Young, 927 F.2d 1060 (8th Cir. 1991)). In fact, the mandatory minimum required the court to impose a sentence significantly longer than the calculated guidelines range. Goins, 51 F.3d at 401. Clayton's situation is distinguishable because he was informed that he faced up to ten years in prison on each count. Consequently, his 211 month sentence is within the range of punishment the district court informed him he could receive. Clayton, unlike Goins, has not shown that he was unaware of the possibility of the sentence of 211 months. Consequently, Goins does not require that Clayton's conviction be vacated.**4**

Accordingly, we affirm Clayton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

_____
**4** Even assuming for the purposes of this appeal that by implementing § 924(e), § 4B1.4 is itself a mandatory minimum which must be explained to the defendant in order to satisfy the requirements of Rule 11(c), in the absence of an objection any violation of Rule 11 would be evaluated under a harmless error standard. DeFusco, 949 F.2d at 117. Specifically, a court may vacate a conviction made pursuant to a plea "only if the trial court's violations of Rule 11 affected the defendant's substantial rights." DeFusco, 949 F.2d at 117; Fed. R. Crim. P. 11(h). When a defendant's sentence is enhanced because he is an armed career criminal under the guidelines, due process does not require notice. United States v. Whitaker, 938 F.2d 1551, 1552 (2d Cir. 1991); United States v. McDougherty, 920 F.2d 569, 575 (9th Cir. 1990). Clayton's due process rights are satisfied if the Government meets its burden to prove the predicate felonies by a preponderance of the evidence, McDougherty, 920 F.2d at 575, which Clayton has never challenged. As a result, none of Clayton's substantial rights were violated by the district court's failure to inform Clayton of the sentencing enhancement. Even assuming that it was an error, it was harmless and does not require the plea be vacated.

4