UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOE FRANKLIN SANDERS,
          *Defendant-Appellant.*

No. 00-4661

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-99-768)

Submitted: March 20, 2001

Decided: August 10, 2001

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Clarence Rauch Wise, WISE & TUNSTALL, Greenwood, South Carolina, for Appellant. J. Rene Josey, United States Attorney, A. Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joe Franklin Sanders appeals his conviction of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West 2000), and his sentence as an armed career criminal under 18 U.S.C.A. § 924(e) (West 2000).

Before his federal indictment, Sanders was charged in state court for crimes related to the incident that led to the federal charges. In state court, counsel was appointed to represent Sanders. After he was indicted by a federal grand jury, a local police detective went to Sanders' residence, took him into custody, and transported him to his arraignment. The detective, who was aware that Sanders had been appointed counsel, informed Sanders that he had a warrant for his arrest on a federal gun violation, informed him of his *Miranda* rights and confirmed that Sanders understood those rights. During the trip, Sanders asked the detective questions about the arraignment process in federal court and about the type of bond available. The detective answered his questions, but did not ask Sanders any questions. Sanders then made incriminating statements about the firearm.

At trial, Sanders moved to suppress these statements, arguing that they were obtained in violation of his Sixth Amendment right to counsel, and that they were involuntary. The district court found that Sanders initiated the conversation with the detective and thereby waived his right to counsel, and that his statements were voluntary, and denied the motion to suppress.

At sentencing, Sanders argued that he should not be sentenced under § 924(e) because he had not been convicted of three predicate crimes, and that, because § 924(e) does not state a maximum punishment, the maximum term of imprisonment is the same as the mandatory minimum term stated in the statute, fifteen years, and any sentence in excess of that would violate Sanders' due process rights. The district court disagreed, finding that Sanders' two convictions for distribution of marijuana were separate offenses for purposes of triggering the mandatory minimum sentence of § 924(e); and that the maximum punishment under § 924(e) is life imprisonment. On

appeal, Sanders argues that the district court erred in admitting his statements to the detective, and in its rulings regarding his sentence.

The Supreme Court has repeatedly held that once the right to counsel attaches and is invoked, any waiver of that right that results from police initiated questioning will be invalid and any statements obtained in that questioning must be suppressed. *Michigan v. Jackson*, 475 U.S. 625, 635-36 (1986). In this case, the record establishes that the conversations between Sanders and the detective were initiated by Sanders, and no violation of *Jackson* occurred. *See United States v. Walls*, 70 F.3d 1323, 1326 (D.C. Cir. 1995).

Sanders also contends that his waiver of the right to counsel was involuntary. This court reviews the determination of whether an accused waived his right to counsel de novo. *See United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). Our review of the record convinces us that Sanders' waiver of his right to counsel was completely voluntary. Sanders was properly advised of his right to remain silent and right to counsel when the detective first took him into custody, and there is no evidence that the detective used any form of coercion or intimidation to persuade Sanders to speak. *See United States v. Muca*, 945 F.2d 88, 90-91 (4th Cir. 1991). His statements were not "deliberately elicited by the government," *see United States v. Love*, 134 F.3d 595, 604 (4th Cir. 1998), and were properly admitted at trial.

Sanders' argument that the district court erred in failing to count his two convictions for distribution of marijuana as part of one continuing transaction, so as to avoid triggering the application of § 924(e), is foreclosed by this court's decision in *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995). In *Letterlough*, this court adopted the holding of the other Courts of Appeal that "convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." *Id.* at 335 (internal quotations omitted); *see also United States v. Blackwood*, 913 F.2d 139, 146 (4th Cir. 1990). Here, Sanders' two offenses occurred five days apart, an interval that was more than sufficient for Sanders to "make a conscious and knowing decision to engage in another" crime. *Letterlough*, 63 F.3d at 337. The district court cor-

rectly concluded that the two marijuana distribution convictions were separate for purposes of invoking § 924(e).

   Sanders' final argument on appeal is that, because 18 U.S.C. § 924(e) does not contain a maximum sentence, the maximum term of imprisonment constitutionally allowed is the stated minimum of fifteen years. This court has held, consistent with the other Courts of Appeal, that the maximum term of imprisonment available under § 924(e) is life. *United States v. Blannon*, 836 F.2d 843, 845 (4th Cir. 1988); *see also United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993) (collecting cases). This court has also upheld the statute against constitutional challenge. *See United States v. Presley*, 52 F.3d 64, 67-68 (4th Cir. 1995). The district court did not err in determining that the maximum punishment under the statute was life imprisonment.

   We therefore affirm Sanders' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                                    *AFFIRMED*