# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3419

_____

United States of America

*Plaintiff - Appellee*

v.

Billy Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 11, 2013
Filed: July 12, 2013

_____

Before RILEY, Chief Judge, BRIGHT and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Billy Walker of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court[1] sentenced him to 210 months' imprisonment. He appeals, arguing the court abused its discretion in not granting a

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

mistrial after reading the indictment to the venire, and erred in sentencing him to more than 15 years under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Police were investigating Walker for a burglary. They stopped his car. He reached toward the driver's side floorboard. They asked him to exit. As he did so, an officer saw a pistol handle on the driver's side floorboard. The officer recovered a loaded gun. After his arrest, Walker stated to the officer, "I should have wasted you on the street."

During voir dire, the district court read to the venire all the indictment, including the clause that Walker had been "convicted previously in the Circuit Court of the City of St. Louis, Missouri, in Cause No.: 21CCR-604872, of Robbery First Degree and Armed Criminal Action." He requested a mistrial, which the court denied. He never requested a curative instruction. At the beginning of trial, the court instructed the jury, "You should understand that an indictment is simply an accusation. It is not evidence of anything."

At trial, Walker's gun possession was proved by evidence that included eyewitness testimony from two officers, Walker's statement, a witness's testimony that the gun in question had been stolen from his truck, and expert testimony about the gun. The only evidence of a prior conviction was the parties' stipulation that Walker "was convicted of one or more felony crimes." At the trial's end, the court again admonished the jury that "an indictment is simply an accusation. It is not evidence of anything." The jury convicted Walker of being a felon in possession of a firearm.

The district court found that Walker qualifies as an armed career criminal under 18 U.S.C. § 924(e), because he has previously been convicted of at least three

requisite offenses. The court determined the statutory range as 15 years to life. The advisory guideline range was 210 to 262 months. The court sentenced him to 210 months. Walker neither objected to the sentence, nor requested a 15-year sentence.

## II.

Walker argues the district court abused its discretion in not granting a mistrial after reading the portion of the indictment stating the nature of his prior conviction. This court affirms a "district court's denial of a mistrial absent an abuse of discretion resulting in clear prejudice." **United States v. Benson**, 686 F.3d 498, 504 (8th Cir. 2012). "Generally, remedial instructions cure improper statements, and substantial evidence of guilt precludes reversing the district court" for denying a mistrial. **United States v. Fetters**, 698 F.3d 653, 656 (8th Cir. 2012).

Walker relies on *United States v. Turner*, 565 F.2d 539 (8th Cir. 1977), where the only mention of the defendant's prior conviction was the district court reading the indictment to the jury. **Turner**, 565 F.2d at 541. There, this court stated that the district court "should have read the indictment to the jury without reference to the nature of the felony conviction." **Id.** But "this error" was not "unduly prejudicial in light of the substantial evidence of Turner's guilt." **Id.** (citations omitted).

*Turner* was before *Old Chief v. United States*, 519 U.S. 172 (1997), which "bar[s] evidence of prior convictions offered solely to prove defendant's status as a convicted criminal." **United States v. Walker**, 428 F.3d 1165, 1169 (8th Cir. 2005). Walker invokes *United States v. Munoz*, 150 F.3d 401 (5th Cir. 1998), for the proposition that "*Old Chief's* rule can be implicated when the trial judge reads the indictment . . . during voir dire." *See* **Munoz**, 150 F.3d at 412 n.10. In *Munoz*, the Fifth Circuit held it was harmless error for the district court to read the portion of the indictment stating the nature of the defendant's prior conviction. **Id.** at 413. It concluded that "any prejudice . . . was remedied by the absence of any mention of the

conviction's nature during trial, the trial judge's admonition to the jury at the start of trial . . . , and his instructions to the jury at the end of trial." *Id.*

At any rate, even assuming there was error, there was no clear prejudice here. As in *Turner*, evidence of Walker's guilt was substantial. Two officers gave eyewitness testimony that Walker possessed the gun, he stated he should have "wasted" the arresting officer "on the street," and several witnesses testified about the gun itself. *See, e.g.*, **United States v. Clay**, 346 F.3d 173, 177-78 (6th Cir. 2003) (holding harmless the "district court's inadvertent mistake in disclosing the nature of Clay's conviction to the jury pool" because of the "overwhelming" evidence of guilt). As in *Munoz*, there was no mention of the conviction's nature during trial, and the district court admonished the jury at the start and end of the trial not to consider a prior conviction as "evidence of anything." *See* **Munoz**, 150 F.3d at 413; *cf.* **United States v. Jones**, 67 F.3d 320, 322 (D.C. Cir. 1995) (holding the district court abused its discretion in reading the indictment because, during the trial, the "jury was confronted on five occasions with both the fact and nature of Jones' prior felony conviction"). Because reading the indictment did not result in clear prejudice, Walker is not entitled to a mistrial.

## III.

Walker claims the district court erred in sentencing him to more than 15 years under 18 U.S.C. § 924(e). Because he failed to object before the district court, this court reviews for plain error. **United States v. Poitra**, 648 F.3d 884, 888 (8th Cir. 2011). He "must show that there was an error, the error is clear or obvious under current law, the error affected [his] substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 887.

Walker asserts section 924(e) limits his sentence to 15 years. That section subjects a felon convicted of possessing a gun to enhanced punishment as an armed

career criminal if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both."[2] **18 U.S.C. § 924(e)**. Then, "such person shall be fined under this title and imprisoned *not less than fifteen years*." ***Id.*** (emphasis added). Walker contends the italicized language sets both the minimum and maximum sentences.

This court has held that "section [924(e)] provides for a statutory minimum penalty of 15 years and a maximum term of life imprisonment." ***United States v. Carey***, 898 F.2d 642, 644 (8th Cir. 1990), *citing **United States v. Blannon***, 836 F.2d 843, 845 (4th Cir. 1988) *and **United States v. Lego***, 855 F.2d 542, 546 (8th Cir. 1988) (holding the same under the predecessor to section 924(e)). Every court of appeals to address this issue agrees. *See **United States v. Whitley***, 529 F.3d 150, 158 (2d Cir. 2008); ***United States v. Weems***, 322 F.3d 18, 26 (1st Cir.), *cert. denied*, 540 U.S. 892 (2003); ***United States v. Brame***, 997 F.2d 1426, 1428 (11th Cir. 1993); ***United States v. Carpenter***, 963 F.2d 736, 743 (5th Cir. 1992); ***United States v. Bland***, 961 F.2d 123, 128 (9th Cir. 1992); ***United States v. Wolak***, 923 F.2d 1193, 1199 (6th Cir. 1991); ***United States v. Tisdale***, 921 F.2d 1095, 1100 (10th Cir. 1990); ***United States v. Williams***, 892 F.2d 296, 304 (3d Cir. 1989), *superseded by statute on other grounds*, **USSG § 4B1.2, cmt. (n.2)**, *as recognized in **United States v. Dodd***, 225 F.3d 340, 347 n.4 (3d Cir. 2000); ***Blannon***, 836 F.2d at 845; ***United States v. Jackson***, 835 F.2d 1195, 1197 (7th Cir. 1987); *see also **United States v. Dorsey***, 677 F.3d 944, 958 (9th Cir. 2012) (interpreting nearly identical "not less than" language in 18 U.S.C. § 924(c)(1)(A)(iii)). The Supreme Court has observed: "The Armed Career Criminal Act of 1984 raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum

---

[2]Prior convictions can be used to enhance a sentence without being alleged in the indictment or proved beyond a reasonable doubt. ***Almendarez-Torres v. United States***, 523 U.S. 224, 243-47 (1998). The Supreme Court has not disturbed this ruling. *See **Shepard v. United States***, 544 U.S. 13, 25-26, 26 n.5 (2005) (plurality opinion) (declining to reassess *Almendarez-Torres*'s holding).

of life in prison without parole . . . ." ***Custis v. United States***, 511 U.S. 485, 487 (1994) (internal citation omitted). Precedent precludes Walker's interpretation.

Nonetheless, Walker notes that at the oral argument of *United States v. O'Brien*, 130 S. Ct. 2169 (2010), three Justices expressed concern that section 924(c)(1)(B) – an enhancement of "not less than 30 years" for using a machine gun – could be read to impose a life sentence. But the "not less than 30 years" language was not at issue in *O'Brien*. In the *O'Brien* opinion, the Court states that the statute turned "what were once mandatory sentences into mandatory minimum sentences." ***O'Brien***, 130 S. Ct. at 2179.

According to Walker, the rule of lenity requires his interpretation. "The rule of lenity states that a court cannot interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." ***United States v. Speakman***, 330 F.3d 1080, 1083 (8th Cir. 2003). "The rule of lenity, however, is not applicable unless there is a grievous ambiguity or uncertainty in the language." ***Id.***, *quoting **Chapman v. United States***, 500 U.S. 453, 463 (1991). Here, because the "language of the statute is not ambiguous," the rule of lenity does not apply. ***Lego***, 855 F.2d at 546 (citation omitted) (rejecting a rule-of-lenity argument because "[i]t is clear to us that this language [of the ACCA] sets out a mandatory minimum sentence, not a mandatory maximum sentence" (citation omitted)); *accord **Dorsey***, 677 F.3d at 957-58; ***Blannon***, 836 F.2d at 845.

Section 924(e) allows the district court to sentence a defendant to more than 15 years. Walker qualifies as an armed career criminal because, as the district court found, he has previously been convicted of at least three requisite offenses. Based on the advisory guideline range of 210 to 262 months, the court sentenced him to 210 months. The court did not plainly err in imposing his sentence.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

BRIGHT, Circuit Judge, concurring.

Because I agree that the district court's sentence of Walker to 17½ years in prison was not plain error, I concur. While I feel compelled to follow the precedent established by this court, I am troubled by the scarce justification given for the interpretation that section 924(e)'s "not less than" language implies a maximum possible penalty of life in prison.

As the majority notes, every circuit to consider the question of section 924(e)'s "not less than fifteen years" language has concluded that the language provides for a minimum penalty of 15 years and an implied maximum penalty of life imprisonment. However, the express language of section 924(e) imposes no upper limit.[3] Courts

[3]Other provisions of section 924 contain express specifications of life maximums. For example, section 924(c)(5) provides:

> **(5)** Except to the extent that a greater minimum sentence is otherwise provided under this subsection, or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries armor piercing ammunition, or who, in furtherance of any such crime, possesses armor piercing ammunition, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime or conviction under this section--
> **(A)** be sentenced to a term of imprisonment of not less than 15 years; and
> **(B)** if death results from the use of such ammunition--
> **(i)** if the killing is murder (as defined in section 1111), be

have interpreted this silence as permitting a sentence of life imprisonment, but they have provided little to no explanation of why that is the case.

Typically, courts interpreting section 924(e) have merely stated that the maximum sentence permitted is life imprisonment, generally with sparse explanation, citing to cases which do the same. *E.g., United States v. Saffeels*, 39 F.3d 833, 838 (8th Cir. 1994); *United States v. Wolak*, 923 F.2d 1193, 1199 (6th Cir. 1991). Alternatively, courts rely on cases concluding that other statutes without stated maxima authorize a life sentence and reason that likewise section 924(e), despite its silence, must authorize a maximum sentence of life imprisonment. *See, e.g., United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir. 1987) (citing *Bates v. Johnston*, 111 F.2d 966, 967 (9th Cir. 1940) (interpreting the Lindbergh Act, a federal kidnapping statute that lacked a maximum, as implicitly authorizing the imposition of any term up to life imprisonment))[4] and *United States v. Bridges,* 760 F.2d 151, 153 (7th Cir.1985) (stating "[w]hile section 841(b)(1)(A) does not expressly specify the maximum parole term . . . it can only be read as authorizing a lifetime maximum parole term").

---

> punished by death or sentenced to a term of imprisonment
> for *any term of years or for life*; and . . . .

18 U.S.C. § 924(c)(5) (emphasis added). The language *any term of years or for life* is also present in sections 924(j)(1) and 924(o). Reading an implied maximum life sentence into 924(e) arguably renders surplusage the express specification of life maximums in these provisions of section 924.

[4]Unlike section 924(e), however, the Lindbergh Act as originally enacted provided for imprisonment "for such term of years as the court, *in its discretion*, shall determine." Act of June 22, 1932, ch. 271, 47 Stat. 326 (emphasis added). Section 924(e) contains no language giving the sentencing court such discretion.

No court has, in my view, adequately explained why an absence of language giving the sentencing court discretion to sentence a defendant to life imprisonment under section 924(e), nevertheless, means it may do so. Under the present construction of section 924(e), a defendant could be sentenced to life even for the least severe charge of possessing a firearm. Surely, Congress knows how to create sentencing ranges with a maximum of life and could have done so in section 924(e).

———————————————