# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2198EM

_____

|  |  |  |
|---|---|---|
| Sidney C. Roberts, | * |  |
|  | * |  |
| Appellant, | * |  |
|  | * | On Appeal from the United |
| v. | * | States District Court |
|  | * | for the Eastern District |
|  | * | of Missouri. |
| Paul K. Delo, | * |  |
|  | * |  |
| Appellee. | * |  |

_____

Submitted:  December 17, 1999
Filed:  March 2, 2000

_____

Before RICHARD S. ARNOLD and LOKEN, Circuit Judges, and WEBB,[1] District
    Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.


    The defendant, Sidney Roberts, appeals from the denial of his petition for a writ
of habeas corpus.  Although the District Court[2] denied Roberts's petition, it granted a

---

    [1]The Hon. Rodney S. Webb,  Chief Judge, United States District Court for the
District of North Dakota, sitting by designation.

    [2]The Hon. Carol E. Jackson, United States District Judge for the Eastern District
of Missouri, adopting the Report and Recommendation of the Hon. Frederick R.

certificate of appealability on two issues: (1) whether the prosecutor's comments during closing argument denied him due process; and (2) whether his counsel on direct appeal provided ineffective assistance. We affirm.

## I.

The defendant was convicted, by jury, of first-degree murder and armed criminal action. We state the facts in the light most favorable to the verdict. In September of 1988, on a St. Louis street outside a liquor store, the defendant and David Walters got into a fight with Timothy Booker. At some point after the fight began, Booker broke away from the defendant and Walters and ran into the liquor store. The defendant and Walters followed Booker into the store and began hitting Booker again. One of the liquor-store clerks insisted that they all leave the store.

Outside again, the defendant and Walters continued to beat Booker, kicking him after he had fallen on the ground. At some point, the defendant left and picked up an empty beer bottle from a vacant lot next to the liquor store. The defendant then came back and broke the bottle over Booker's head. Walters produced a pistol, and started to beat Booker with it. The defendant took the pistol from Walters, and pointed it at Booker's head. Although initially the gun did not fire, the defendant continued to pull the trigger. Two shots fired into Booker's chest. The defendant and Walters fled the scene. A few minutes later they returned, and saw that Booker was not dead. The defendant pulled a jacket over Booker's head, and the two men again left. Booker later died.

Several witnesses saw various parts of this scene. David Patton could see the street from his upstairs-bedroom window. He saw the altercation, except for the portions which took place inside the liquor store. Angela Brooks, David Patton's

Buckles, United States Magistrate Judge for the Eastern District of Missouri.

cousin, also watched from the upstairs-bedroom window. After the defendant and Walters left the scene the second time, Patton and Brooks went to see if they could help Booker. Both testified at the trial. Nathaniel Cooper and Carron Gatling, liquor-store employees, saw all three men enter and leave the liquor store. They also testified, and identified the defendant, at trial. The defendant himself at trial admitted to being present and participating in the beating, but denied that he fired the gunshots that killed Booker.

The jury convicted the defendant of first-degree murder and armed criminal action. After both a direct appeal and a motion for post-conviction relief, the Missouri Court of Appeals affirmed the defendant's conviction. State v. Roberts, 838 S.W.2d 126 (Mo. App. 1992). The defendant then filed this petition for a writ of habeas corpus.

II.

The first question presented is whether remarks made by the prosecutor at the defendant's trial were so egregious as to deny the defendant due process of law. First, the prosecutor personally evaluated the credibility of the defendant, telling the jury that the defendant was "one of the coolest, most collected liars I've seen in five years of prosecuting." At that point, defense counsel objected, and the Court sustained the objection. Defense counsel moved for a mistrial, which the Court denied. Then, the prosecutor continued by improperly appealing to the sympathy of the jury. He asked the jury to consider the victim's family (there was no evidence Booker had a family), and what the victim's last thoughts were before he died. Defense counsel made two more objections, one of which was sustained, and one of which was overruled. The Court stated: "Counsel, this is argument, this is not evidence, and the jury's been instructed that way and have been told about four times in addition to that. You may proceed." Defense counsel made no request for an additional jury instruction directing the jury to disregard the prosecutor's statement, nor was any such instruction given.

Our task is not to review whether the prosecutor's statements were improper. Indeed, we have little trouble agreeing that they were. A prosecutor may not express an opinion implying knowledge of facts unavailable to the jury. Moreover, it is improper to ask jurors to put themselves in the place of the victim. The Missouri Court of Appeals strongly condemned these comments, as do we. However, the question we must decide is whether these remarks fatally infected the entire trial, and deprived the defendant of fundamental fairness as guaranteed by the United States Constitution. Clark v. Wood, 823 F.2d 1241, 1251 (8th Cir.), cert denied, 484 U.S. 945 (1987). The defendant must show that the verdict would probably have been different if the prosecutor had not made the improper remarks. Mack v. Caspari, 92 F.3d 637, 643 (8th Cir. 1996), cert denied, 520 U.S. 1109 (1997).

After reviewing the remarks in the context of the entire trial, we do not think the verdict would probably have been different if the prosecutor had not made these remarks. We are unconvinced that, without these remarks, it is likely that the jury would not have found the defendant guilty of first-degree murder. Although no additional jury instruction was requested nor given, the Court did state that the prosecutor's comments were not evidence, and should not be treated as such. Moreover, there was overwhelming evidence that the defendant was guilty, and coolly deliberated on the killing. See Darden v. Wainwright, 477 U.S. 168, 182 (1986).[3]

---

[3]The findings by the Missouri Court of Appeals, which we presume to be correct, demonstrate this to be the case: "Three eyewitnesses saw defendant beat Mr. Booker before he was shot, in an area that was 'lit up . . . like it was daytime.' One of these witnesses . . . was five to six feet away from the scene; the other two . . . were twenty to thirty feet away. All three witnesses saw defendant repeatedly punch the victim and break a bottle over his head before the shooting. Mr. Patton and Ms. Brooks saw a gun in defendant's hand pointed at the victim, heard the gun misfire three times, then heard two shots and saw the victim fall to the ground. This evidence shows 'deliberation.' Moreover, defendant admitted being at the scene and beating the victim. The only testimony of the eyewitnesses which he contradicted was that he shot the victim." 838 S.W.2d at 132.

III.

The second question that the District Court certified for appeal is whether the defendant's counsel on direct appeal provided ineffective assistance, in violation of the defendant's Sixth Amendment rights.

The defendant points to several problems with witness identification at trial, which he argues that his counsel should have raised on direct appeal. First, he argues that the initial line-up that witness Nathaniel Cooper viewed was unduly suggestive. Second, he argues that at trial, the prosecutor showed witness Cooper a picture of a line-up that witness Angela Brooks had seen, but maintained that it was the line-up that Cooper had viewed. At a later point in the trial, the prosecutor said that the photo was of the line-up that witness David Patton had viewed. Later, the prosecutor admitted that he had shown Cooper a photograph of the wrong line-up. Third, the defendant argues that the photo that the prosecutor identified as the line-up viewed by Angela Brooks was also the photo of the line-up that witness David Patton had viewed, which would have been inconsistent. Finally, the defendant argues that witness Patton made an impermissible in-court identification of the defendant, inasmuch as Patton had earlier, in an out-of-court identification, identified Walters as the perpetrator.

The failure of defendant's direct appeal counsel to raise these issues properly[4] did not render his assistance ineffective. There were no objections made to any witnesses' identification at trial. Therefore, none of these issues was preserved for direct appeal. Under Missouri law, the Missouri Court of Appeals could have considered these identification issues only for plain error. State v. Walker, 743 S.W.2d

---

[4]Defendant's appellate counsel did argue that witness Patton's in-court identification should have been excluded as impermissibly suggestive. The Missouri Court of Appeals, observing that the argument was "neither clear nor explicit," 838 S.W.2d at 133, nevertheless gave it plain-error review and rejected it.

99, 103 (Mo. App. 1988). Appellate counsel's decision not to focus on these issues was not unreasonable. It will rarely be ineffective assistance for a lawyer to choose to omit issues that would receive only plain-error review.

## IV.

Therefore, we hold against the defendant on both issues the District Court certified for appeal. In so doing, we affirm the decision of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.