# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1833

_____

Dennis Williams,

     Petitioner - Appellant,

v.

Mike Kemna,

     Respondent - Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*
\*

_____

Submitted: September 13, 2002

Filed: November 26, 2002

_____

Before LOKEN, RILEY, and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Missouri inmate Dennis Williams of robbery. The Missouri Court of Appeals affirmed and then summarily denied Williams's motion to recall the appellate mandate based upon the alleged ineffective assistance of appellate counsel in failing to argue various issues on direct appeal. Williams then filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting numerous claims. The district court[1] denied the petition but granted a certificate of appealability on the

_____

[1] The HONORABLE CAROL E. JACKSON, Chief Judge of the United States District Court for the Eastern District of Missouri.

claim that the trial court committed constitutional error by permitting counsel to exercise peremptory strikes and by seating the jury in Williams's absence. Williams procedurally defaulted this claim in the state courts. We conclude his default is not excused by ineffective assistance of appellate counsel in failing to raise the claim on direct appeal. Accordingly, the claim is procedurally barred, and we affirm.

At trial, Williams was present during the voir dire of the jury panel, and he consulted with trial counsel regarding the exercise of peremptory strikes. He was not present, however, when counsel exercised the strikes in chambers, and he did not return to the courtroom until after the selected jurors were seated. At that time, the trial court asked the parties if the seated jurors comported with their strikes. Neither Williams nor his counsel objected. The jury was then sworn and the remainder of the venire panel excused.

Williams argues that this procedure violated his constitutional right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." Faretta v. California, 422 U.S. 806, 819 n.15 (1975). Although he argues the merits of this constitutional claim as though he were appealing a federal conviction, he is instead a state inmate seeking federal habeas relief. Therefore, the first question is whether he has preserved the claim for federal habeas review.

As Williams never raised this claim to the state courts, it is procedurally defaulted, and he must show cause and prejudice excusing the default to obtain federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Ineffective assistance of trial or appellate counsel may be cause excusing a procedural default. See Murray v. Carrier, 477 U.S. 478, 491-92 (1986). However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court. See Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Tokar v. Bowersox, 198 F.3d 1039, 1051 n.13 (8th Cir. 1999), cert. denied, 531 U.S. 886 (2000).

-2-

In this case, Williams argued to the district court that both trial and appellate counsel were ineffective in failing to raise the lack-of-presence claim in state court. But he did not preserve the claim of trial counsel ineffectiveness by presenting it to the state courts, so this claim may not excuse the procedural default at issue. Williams did argue in a motion to recall the Missouri Court of Appeals mandate that appellate counsel was ineffective in failing to argue on direct appeal that the trial court erred "when it allowed trial counsel to proceed during one of the most crucial stages of the trial without the defendant being present." For petitioners such as Williams who were sentenced prior to January 1, 1996, this was the proper way to raise a claim of ineffective assistance of appellate counsel under Missouri law. See Chambers v. Bowersox, 157 F.3d 560, 565-66 & n.5 (8th Cir. 1998), cert. denied, 527 U.S. 1029 (1999). Thus, Williams preserved his ability to argue ineffective assistance of appellate counsel as cause excusing his procedural default.

To prove ineffective assistance of appellate counsel, Williams must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. See Tokar, 198 F.3d at 1051-52. Because Williams did not raise the lack-of-presence issue in the Missouri trial court, it was subject to plain error review on direct appeal.[2] To establish plain error under Missouri law, an appellant must "show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice results if the error is not corrected." State v. Cole, 71 S.W.3d 163, 170 (Mo. banc 2002) (quotation omitted). Given this narrow standard of review, it is difficult to prove ineffective assistance based upon appellate counsel's failure to raise an issue that, if raised, would have been subject to plain error review:

[2]As respondent does not argue to the contrary, we assume that the trial court's failure to have Williams present when counsel exercised their peremptory strikes is an issue subject to discretionary plain error review by the Missouri appellate courts. See Mo. Sup. Ct. R. 30.20; State v. Johnson, 968 S.W.2d 686, 691 (Mo. banc 1998).

[T]he Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal. . . . The decision to forgo a plain error claim is usually the result of a reasonable winnowing of weaker appellate claims. Therefore, we rarely conclude that an appellate attorney's performance was constitutionally deficient for not raising such a claim.

Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) (citations omitted); accord Roberts v. Delo, 205 F.3d 349, 352 (8th Cir. 2000).

In considering whether appellate counsel's failure to raise the lack-of-presence claim was ineffective assistance, we must also take into account the fact that Williams had no absolute due process right to be present during a specific portion of jury selection. A defendant has a constitutional right to be present "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." United States v. Gagnon, 470 U.S. 522, 526 (1985) (quotation omitted). Applying this limited standard in a state habeas case, the Second Circuit concluded that the defendant had no constitutional right to be present during the exercise of peremptory strikes in the trial court's chambers because he was present during questioning of the prospective jurors, had an opportunity to register his opinions with counsel after juror questioning, and was present when the strikes were "given formal effect." Cohen v. Senkowski, 290 F.3d 485, 490 (2d Cir. 2002). Similarly, in United States v. Chrisco, 493 F.2d 232, 236-37 (8th Cir.), cert. denied, 419 U.S. 847 (1974), and in United States v. Gayles, 1 F.3d 735, 738 (8th Cir. 1993), we concluded that the defendant's constitutional right was not violated when he was not present while counsel exercised peremptory strikes over the noon recess because the defendant was present during voir dire and when the strikes were given effect.

Surveying Chrisco and Gayles (Cohen was a later decision), and the absence of favorable Missouri precedent, Williams's appellate counsel could reasonably conclude it was highly unlikely the Missouri Court of Appeals would find plain error

in the trial court's failure to insist that Williams be present during trial counsel's exercise of peremptory strikes and the seating of the chosen jurors. Williams argues that Chrisco is distinguishable because his jurors were already seated when he returned to the courtroom. But Williams's absence at that point of the proceedings did not thwart his right to a fair hearing because he had observed the potential jurors during voir dire, had ample opportunity to discuss who to strike before counsel exercised the strikes, and had an opportunity to object to the seated jurors before they were sworn. Moreover, Williams has presented no evidence that any seated juror was biased or otherwise unqualified, which is surely an essential showing under a plain error standard requiring proof of a violation that resulted in manifest injustice or a miscarriage of justice.

In these circumstances, we conclude that Williams has proved neither constitutionally deficient performance by his appellate counsel nor prejudice, that is, a reasonable probability that, but for counsel's deficient performance, the result of his direct appeal would have been different. Therefore, Williams has failed to establish cause excusing his procedural default in the state courts, and his constitutional lack-of-presence claim is procedurally barred.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.