# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1001

_____

United States of America

*Plaintiff - Appellee*

v.

Eliseo Florencio Gomez-Diaz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 19, 2018
Filed: December 28, 2018

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

KELLY, Circuit Judge.

After a jury trial, Eliseo Florencio Gomez-Diaz was convicted of producing child pornography, in violation of 18 U.S.C. § 2251(a). Gomez-Diaz appeals, challenging the district court's denial of a lesser-included-offense instruction, its denial of his motion for a mistrial, and its application of an obstruction-of-justice enhancement at sentencing. We affirm in part and remand for resentencing.

# I

Twenty-one-year-old Gomez-Diaz had been sexually abusing his girlfriend's eight-year-old brother, M., for several months. The sexual conduct went unnoticed until his girlfriend, looking through Gomez-Diaz's phone one night, found six pictures of him and M. performing oral sex on each other, which had been taken earlier that evening. The girlfriend called the police, and Gomez-Diaz was promptly arrested.

Gomez-Diaz never denied engaging in sexual contact with M. But his defense theory at trial was that he did not engage in sexual contact for the purpose of producing child pornography—an element of § 2251(a). To that end, Gomez-Diaz asked the district court to instruct the jury on the lesser-included offense of possession of child pornography under § 2252(a)(4)(B). The district court refused, reasoning that possession of child pornography is not a lesser-included offense of production of child pornography. Reviewing the district court's decision de novo, see United States v. Soriano-Hernandez, 310 F.3d 1099, 1103 (8th Cir. 2002), we agree.

A defendant's proper request for a lesser-included-offense instruction will be granted when, among other things, "the elements of the lesser offense are identical to part of the elements of the greater offense," that is, when the lesser offense contains no elements that the greater offense does not. United States v. Rainbow, 813 F.3d 1097, 1105 (8th Cir. 2016) (quoting United States v. Felix, 996 F.2d 203, 207 (8th Cir. 1993)). Possession of child pornography includes at least one element that production of child pornography does not: possession. Gomez-Diaz does not dispute this, but he argues that in practice, it is impossible to produce child pornography without necessarily possessing it. Gomez-Diaz may be right that a person who produces child pornography often also possesses it, but that is not always the case.

For example, any person who "persuades" a minor to engage in "sexually explicit conduct for the purpose of producing any visual depiction" or "transports" a minor for that purpose may be convicted under § 2251(a). Because § 2252(a)(4)(B) requires an element not required for § 2251(a), the district court correctly refused to issue a lesser-included-offense instruction.

II

During trial, Gomez-Diaz's counsel explained to the jury that he was "the voice" for his client. During closing arguments, the prosecutor reminded the jury of that comment and stated, "You are the voice for" the victim. This statement elicited an immediate objection from the defense; the district court did not rule on the objection initially, and the prosecutor repeated her statement. The defense objected again, explaining, "That's improper argument, your Honor. The jury is not a voice for anybody." The district court then sustained the objection and instructed the prosecutor to move on. Later, Gomez-Diaz moved for a mistrial based on the prosecutor's statement. The district court denied the motion. But Gomez-Diaz also requested and received the following curative instruction: "You are not to make a decision on behalf of [the victim]. You are to make the decision based upon the evidence in this case as it applies to the Defendant in this case." On appeal, Gomez-Diaz contends that the district court erred in refusing to grant a mistrial.

We review the denial of a motion for mistrial based on prosecutorial misconduct for abuse of discretion. United States v. Ziesman, 409 F.3d 941, 953 (8th Cir. 2005). We will reverse a conviction based on a prosecutor's comments during closing argument only if (1) the prosecutor's conduct was improper and (2) the conduct prejudicially affected the "defendant's substantial rights so as to deprive him of a fair trial." United States v. Beckman, 222 F.3d 512, 526 (8th Cir. 2000). The prejudice inquiry focuses on three factors: (1) the misconduct's cumulative effect,

(2) the strength of the evidence of the defendant's guilt, and (3) the trial court's curative actions (or lack thereof). Id.

The prosecutor's statements here were improper. See United States v. Alaboudi, 786 F.3d 1136, 1144–45 (8th Cir. 2015) ("In the context of the government's closing arguments in this case, we do not condone the government's comments that the jurors were the only ones who could 'speak for' or 'stand up for' the victims."); United States v. Rodriguez, 581 F.3d 775, 803 (8th Cir. 2009) (concluding "that a prosecutor's brief claim to 'speak for' a victim is improper if, in the context of the surrounding statements, the comment appeals excessively to jurors' emotions"); Roberts v. Delo, 205 F.3d 349, 351 (8th Cir. 2000) ("[I]t is improper to ask jurors to put themselves in the place of the victim."). But we cannot say that these limited improper comments were so prejudicial that they deprived Gomez-Diaz of a fair trial. Most important, the district court sustained Gomez-Diaz's objection to the comments and later issued a curative instruction to the jury. "It is presumed that a jury will follow a curative instruction unless there is 'an overwhelming probability' that it was unable to do so." United States v. Uphoff, 232 F.3d 624, 626 (8th Cir. 2000) (quoting Greer v. Miller, 483 U.S. 756, 766 n.8 (1987)). The district court did not abuse its discretion when it denied Gomez-Diaz's motion for a mistrial.

III

At sentencing, Gomez-Diaz objected to an obstruction-of-justice enhancement under United States Sentencing Guidelines § 3C1.1, which calls for a 2-level increase in the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." The presentence investigation report recommended this enhancement because Gomez-Diaz's

testimony at trial was inconsistent with the victim's statements to law enforcement.[1] The district court denied Gomez-Diaz's objection without explanation, stating

> [T]he Court is rather convinced that the record that existed in this case prior to today because of the trial pretty well stands for itself, but nevertheless, the Court nevertheless does at this time adopt the presentence investigation report in total. It does find—denies all of the defendant's objections to the PSR.

It varied downward from the Guidelines range of 360 months of imprisonment based on Gomez-Diaz's youth and lack of criminal history and imposed a sentence of 240 months of imprisonment.

We review the district court's interpretation and application of the Sentencing Guidelines de novo, and we review findings of fact for clear error. See United States v. Flores, 362 F.3d 1030, 1037 (8th Cir. 2004). A district court may apply the obstruction-of-justice enhancement only if it finds by a preponderance of the evidence that the defendant engaged in obstructive conduct. Id. Perjury may qualify as obstructive conduct under § 3C1.1, but the district court cannot impose the

---

[1]Specifically, the report stated,

> The defendant's trial testimony included statements that contradicted information reported to law enforcement by [the victim] regarding the length of the sexual abuse, the occurrence of anal-genital penetration, the previous production of photographic images on his phone, and the threatening statements made to [the victim]. His testimony was also inconsistent with his own prior statements to law enforcement regarding the length of the sexual abuse.

In addition, the presentence report recommended the enhancement based on the threats that Gomez-Diaz allegedly made during the sexual abuse. The government does not pursue this second basis on appeal.

enhancement "simply because a defendant testifies on his own behalf and the jury disbelieves him." Id. (quoting United States v. Washington, 318 F.3d 845, 861 (8th Cir. 2003)). Instead, the district court must "conduct an independent evaluation and determine whether the defendant committed perjury." Id. At a minimum, it must make a finding of an obstruction of justice "that encompasses all of the factual predicates for a finding of perjury." United States v. Dunnigan, 507 U.S. 87, 95 (1993) (explaining that "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding"). The district court did not do so here.

This court has, from time to time, affirmed conclusory findings of perjury when those findings were adequately supported by the record. See United States v. Kessler, 321 F.3d 699, 703 (8th Cir. 2003) ("There was plenty of evidence for the jury to find beyond a reasonable doubt that the defendant was guilty. And I understand he continues to maintain his innocence, but I heard the trial testimony, and I think it constitutes obstruction of justice." (cleaned up)); United States v. Brown, 311 F.3d 886, 890 (8th Cir. 2002) ("I believe the defendant did testify untruthfully and your objection to the enhancement for obstruction of justice is denied."). The government relies on these cases to argue that the district court's application of the enhancement is not erroneous. But here, the district court failed to make *any* findings concerning obstruction of justice, and the failure to do so amounts to error. This is not the "exceptional case" in which the record compels a finding of perjury, so remand is required. United States v. Esparza, 291 F.3d 1052, 1056 & n.3 (8th Cir. 2002).[2]

_____

[2]The government has not raised harmless error. In considering whether to raise it *sua sponte*, we must consider, among other things, "the certainty of the harmlessness finding," and we "should err on the side of the criminal defendant." Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir. 1992). Even in cases in which the government has raised harmless error, this court has looked to the erroneously applied enhancement's effect on the district court's analysis under 18 U.S.C. § 3553(a) when determining whether the error was truly harmless. See United States v. Jensen, 834

## IV

Accordingly, we affirm Gomez-Diaz's conviction, vacate his sentence, and remand to the district court for resentencing.

SHEPHERD, Circuit Judge, concurring in part, dissenting in part.

I concur in Parts I and II of the Court's opinion and would affirm Gomez-Diaz's conviction. However, I respectfully dissent from Part III, as I would affirm in full the sentence of the district court based on harmless error. Here, the government failed to argue harmless error and thus waived the issue. Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir. 1992). However, our Court may overlook such a waiver and raise harmless error sua sponte in certain circumstances, including if reversal would result in "costly and futile proceedings in district court" and the harmlessness of the error is certain. Id. (citing United States v. Giovannetti, 928 F.2d 225, 226-27 (7th Cir. 1991) (per curiam)); see also United States v. Hernandez-Mendoza, 611 F.3d

---

F.3d 895, 902 (8th Cir. 2016) ("Based on the § 3553(a) factors, the district court concluded that it could not 'find in this situation that a sentence of anything less than the statutory maximum is appropriate.' That statement . . . clarifies that any potential change in offense level based on the adjustments at issue on appeal would not have changed the sentence imposed in this case."); United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014) ("Further confirming the harmlessness of applying these sentencing enhancements, the district court expressly stated that it would impose the same 110-year sentence even if its calculation of the advisory guidelines range was erroneous."); United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010) ("Assessing the 18 U.S.C. § 3553(a) factors, the district court stated that Bastian's sentence would be 600 months 'even if the court erred in interpreting or applying the Guidelines.' Therefore, any error in assessing a five-level upward adjustment . . . was harmless."). Here, the Guidelines' level-43 cap masked the effect of the obstruction-of-justice enhancement on the Guidelines calculation. But without any findings at all on the perjury issue, we err on the side of the defendant and decline to raise harmless error unbidden.

418, 418 (8th Cir. 2010) ("[I]t is well established that the court may consider harmlessness on its own initiative.").

The Sentencing Guidelines provide a maximum offense level of 43 such that "[a]n offense level of more than 43 is to be treated as an offense level of 43." United States Sentencing Commission, Guidelines Manual, Ch. 5, Pt.A comment. (n.2). Gomez-Diaz's total offense level was 51. Because of the sentencing cap, the district court calculated his sentence based on an offense level of 43. Because the obstruction-of-justice enhancement pursuant to USSG § 3C1.1 is a two-level enhancement, without it, Gomez-Diaz's offense level would be 49. Just as his offense level with the enhancement, his remedied offense level would be treated as a total offense level of 43. "Where, as here, an error in applying sentencing enhancements does not alter the defendant's total offense level, such an error is harmless." United States v. Stong, 773 F.3d 920, 925-26 (8th Cir. 2014) (any error by the district court in determining enhancements and reductions was harmless where the defendant's total offense level would not change because of the sentencing guideline cap of 43); see also United States v. Jensen, 834 F.3d 895, 902 (8th Cir. 2016) (same); United States v. Sigillito, 759 F.3d 913, 941 (8th Cir. 2014) (same); United States v. Bastian, 603 F.3d 460, 466 (8th Cir. 2010) (same). The majority's concern that the obstruction-of-justice enhancement may have been considered by the district court in its final sentencing decision is misplaced because, in this appeal, Gomez-Diaz does not challenge the substantive reasonableness of his sentence. Instead, he raises only a procedural claim that the district court miscalculated his offense level. Further, the harmlessness of the error is reinforced by the fact that the district court varied 10 years below the Guidelines range of 360 months to impose the 240-month sentence, and the court did not mention the obstruction-of-justice enhancement in explaining the reasons for the sentence. Because the harmlessness of the error is certain and remanding would be futile, I would affirm the district court's sentence.

_____