# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1375

_____

United States of America

*Plaintiff - Appellee*

v.

Quentin Peter Bruguier, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: March 10, 2020
Filed: June 9, 2020

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Quentin Peter Bruguier, Jr. was convicted by a jury of four counts of sexual abuse, eight counts of aggravated sexual abuse of a child, and three counts of abusive

sexual contact for abusing four different victims. The district court[1] sentenced him to twelve concurrent life sentences and three concurrent sentences of 120 months in prison. He appeals, arguing that the court erred by excluding his late girlfriend's statement at trial and by enhancing his sentence for committing perjury. We affirm.

Before his trial, Bruguier filed notice under Federal Rule of Evidence 807(b) of his intent to introduce a statement his girlfriend Cindy St. Pierre made to the FBI before she died. Bruguier had lived with St. Pierre along with two foster children, M.F.H. and L.D.—both of whom the Government alleged he had sexually abused. St. Pierre's statement addressed M.F.H.'s mental health, the children's struggles in the home, their interactions with Bruguier, and his denial of the criminal allegations. Bruguier argued that although the statement was hearsay, it should be admitted under Rule 807 because it was made to the FBI and preserved in an audio recording. The district court disagreed and did not admit the statement.

We review a district court's decision under Rule 807 for abuse of discretion. *United States v. Stoney End of Horn*, 829 F.3d 681, 686 (8th Cir. 2016). Rule 807, the "catch-all" hearsay exception, permits the admission of hearsay if (1) it has circumstantial guarantees of trustworthiness that are equivalent to those accompanying the enumerated hearsay exceptions; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered than any other reasonably available evidence; and (4) its admission would best serve the purposes of these rules and the interests of justice. *Id.* Congress intended this Rule to "be used very rarely, and only in exceptional circumstances." *United States v. Love*, 592 F.2d 1022, 1026 (8th Cir. 1979) (referencing Federal Rules of Evidence 803(24) and 804(b)(5), which were later transferred to Rule 807).

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

We agree with the district court that St. Pierre's statement fails to meet Rule 807's first requirement—the necessary "circumstantial guarantees of trustworthiness." We assess trustworthiness "under a broad totality of the circumstances test." *United States v. Halk*, 634 F.3d 482, 489 (8th Cir. 2011). "[T]rustworthiness must be gleaned from circumstances that 'surround the making of the statement and that render the declarant particularly worthy of belief.'" *Stoney End of Horn*, 829 F.3d at 686 (citation omitted).

The circumstances surrounding St. Pierre's statement do not indicate that it was particularly worthy of belief. As the district court noted, it was made nine months after the episodes of abuse at issue in the case. *See Halk*, 634 F.3d at 489 (statement made a year after defendant's arrest was not credible). Also, although the statement was made to the FBI, St. Pierre was not under oath and there is good reason to doubt a person who knows her romantic partner is accused of committing a serious crime. *See Love*, 592 F.2d at 1026 (reversing admission of a transcribed statement to the FBI where declarant had no incentive to speak truthfully). Nor does the fact that St. Pierre's statement was recorded change the result. Although a recording ensures a declarant's statement is faithfully reproduced, it provides little assurance that the statement was truthful and reliable when spoken. *See Stoney End of Horn*, 829 F.3d at 686 (noting that the reliability contemplated by Rule 807 centers on the declarant's trustworthiness).

Bruguier next argues the district court committed procedural, constitutional, and substantive error by enhancing his sentence for obstruction of justice under Guideline § 3C1.1 for each of the four charged victims because he committed perjury. "We give great deference to a district court's decision to impose an obstruction of justice enhancement." *United States v. Cunningham,* 593 F.3d 726, 730 (8th Cir. 2010). We review the district court's interpretation and application of the Guidelines *de novo*, and apply a clear error standard to the court's factual findings. *United States v. Gomez-Diaz*, 911 F.3d 931, 936 (8th Cir. 2018). To apply this enhancement, the

district court needed to find by a preponderance of the evidence that Bruguier "willfully obstructed or impeded . . . the administration of justice . . . ." U.S.S.G. § 3C1.1; *Gomez-Diaz*, 911 F.3d at 936. "Perjury may qualify as obstructive conduct . . . but the district court cannot impose the enhancement 'simply because a defendant testifies on his own behalf and the jury disbelieves him.'" *Id.* (quoting *United States v. Flores*, 632 F.3d 1030, 1037 (8th Cir. 2004)). Instead, it must "conduct an independent evaluation" and make findings "that encompass[] all of the factual predicates . . . of perjury." *Id.* (citations omitted).

The record shows the district court conducted a proper evaluation and found Bruguier committed perjury with respect to each victim. The elements of perjury are (1) false testimony; (2) that concerns a material matter; and (3) the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *Flores*, 632 F.3d at 1038 (citation omitted). At sentencing, the district court carefully described several instances of false testimony, such as Bruguier's denial of being caught in the act of abuse on one occasion, his claim that he was never in the house where some of the abuse took place, and his statements that he never inappropriately touched any of his victims. The court also stated that it "found the testimony of [all of] the victims to be compelling, to be truthful, and to show proof beyond a reasonable doubt that the defendant did engage in the alleged inappropriate touching." Sent. Tr. 12. Finally, the court noted that Bruguier's testimony related to a material matter and that "this wasn't an instance where [the defendant] was confused, mistaken, or had faulty memory"—instead Bruguier's testimony "was willfully and falsely made under oath." Sent. Tr. 12–13. We find no procedural error.

The district court's findings also resolve Bruguier's argument that these enhancements violated his constitutional right to testify in his own defense. It is well settled that "a defendant's right to testify does not include a right to commit perjury." *United States v. Dunnigan*, 507 U.S. 87, 96 (1993). Therefore, "a proper determination that the accused has committed perjury at trial" necessarily obviates

any concern that an obstruction of justice enhancement contravenes "the privilege of an accused to testify in [his] own behalf." *Id.* at 98.

Finally, we reject Bruguier's argument that the district court's application of the obstruction of justice enhancements made his sentence substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, and presume the reasonableness of a sentence that, like Bruguier's, is within the Guidelines range. *United States v. Petreikis*, 551 F.3d 822, 824 (8th Cir. 2009). As best we can tell, Bruguier claims that his sentence is substantively unreasonable because the obstruction enhancements were unconstitutional and because the district court treated the Guidelines as mandatory instead of advisory. Our conclusion that the court did not commit constitutional error resolves the first argument, and we find no support in the record for the second. When sentencing Bruguier, the court specifically noted that it considered "all of the evidence . . . [and] the *advisory* guideline range." Sent. Tr. 41 (emphasis added).

We affirm the district court.

_____