# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3717

_____

United States of America

*Plaintiff - Appellee*

v.

Joel Llamas Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: October 17, 2022
Filed: March 9, 2023

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

After a jury trial, Joel Llamas Garcia was convicted of conspiring to distribute methamphetamine and heroin. The district court[1] sentenced him to 180 months'

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

imprisonment. Garcia appeals, arguing the court erred in applying a two-level obstruction-of-justice enhancement and that his sentence is unreasonable.

I.

On September 21, 2020, the Drug Enforcement Administration (DEA) received information from a cooperating source that Garcia, his cousin Saul Llamas Valdovinos, and a third man had traveled from California to Minnesota to participate in a large drug transaction. The source notified DEA agents that a semitruck containing approximately 20 pounds of methamphetamine and 6–7 kilograms of heroin had recently arrived in Minnesota. Garcia and his two companions, who were staying at a nearby motel, were expected to retrieve this drug shipment from the truck.

The same day, the source spoke with Valdovinos, who confirmed that he had picked up the shipment and that the drugs were in the men's motel room. Valdovinos told the source he wanted someone to take the drugs for safekeeping elsewhere. Law enforcement arranged for an undercover officer to pose as the source's "guy," who would pick up and transport the shipment to another location. When the undercover officer arrived at the motel, he first met briefly with Valdovinos, who directed him to park in front of the room. Valdovinos opened the motel room door and gestured for Garcia, who walked out carrying a black duffel bag. The undercover officer told Garcia to put the duffel bag in the trunk. The bag contained 20 small containers and 6 brick-like packages, and the contents field-tested positive for the presence of methamphetamine and heroin. The interaction between the undercover officer and Garcia was captured on audio and video.

The following morning, Garcia was arrested, <u>Mirandized</u>, and interviewed by law enforcement. Initially, Garcia told the officers that the three men traveled to Minnesota to purchase a truck for work, and he denied meeting anyone at the motel room the previous night. But eventually he admitted that they picked up a large box from a semitruck; that he was the one who emptied his duffel bag of his personal

-2-

belongings and replaced them with the drugs; and that he placed the duffel bag containing the drugs in the trunk of the undercover officer's car the night before.

A grand jury charged Garcia with one count of conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and 1 kilogram or more of a mixture containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Trial began on July 12, 2021. Garcia testified, denying any knowledge of the drugs, contrary to his earlier admissions to law enforcement. Garcia explained that Valdovinos asked him to take a trip to Minnesota to buy cars. After they arrived in Minnesota, Garcia claimed that Valdovinos received a phone call from a man who was going to bring Valdovinos parts he needed for car repairs. Garcia testified that he drove with Valdovinos to a semitruck to retrieve a large, sealed, white box, which Valdovinos brought back to their motel room. Valdovinos asked to use Garcia's duffel bag to store items from the box, which Garcia believed contained car parts. Garcia also testified that Valdovinos later directed him to grab the bag and give it to the "guy" outside the motel room door. Garcia maintained that he had no knowledge of the duffel bag's contents, and that he "didn't know what was happening." The jury returned a guilty verdict.

At sentencing, the district court found that Garcia had obstructed justice by committing perjury at trial and applied a two-level enhancement pursuant to United States Sentencing Guidelines § 3C1.1 (2018), resulting in an advisory sentencing Guidelines range of 292 to 365 months. The court then varied downward and imposed a sentence of 180 months' imprisonment, followed by 5 years of supervised release. Garcia now appeals.

## II.

## A.

Garcia first challenges the district court's application of a two-level enhancement to his base offense level for obstruction of justice. "We review the

district court's interpretation and application of the Sentencing Guidelines de novo, and we review findings of fact for clear error." United States v. Gomez-Diaz, 911 F.3d 931, 936 (8th Cir. 2018). A district court may apply the obstruction-of-justice enhancement "only if it finds by a preponderance of the evidence that the defendant engaged in obstructive conduct." Id.

Guidelines section 3C1.1 calls for a two-level increase to the defendant's base offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." As relevant here, "[c]ommitting perjury at trial constitutes an obstruction of justice within the meaning of § 3C1.1." United States v. Flores, 362 F.3d 1030, 1037 (8th Cir. 2004); see also USSG § 3C1.1, comment. (n.4(B)). "[B]ut the district court cannot impose the enhancement 'simply because a defendant testifies on his own behalf and the jury disbelieves him.'" Gomez-Diaz, 911 F.3d at 936 (quoting Flores, 362 F.3d at 1037). Rather, the court must "conduct an independent evaluation and determine whether the defendant committed perjury." Id. (quotation omitted). "It is preferable for the district court to address each element of perjury in a separate and clear finding, but it is sufficient if the court makes a finding that 'encompasses all of the factual predicates for a finding of perjury.'" United States v. Nshanian, 821 F.3d 1013, 1018 (8th Cir. 2016) (quoting United States v. Dunnigan, 507 U.S. 87, 95 (1993)).

"A witness commits perjury when he testifies falsely under oath about a material matter with a willful intent to deceive the fact finder." United States v. Abdul-Aziz, 486 F.3d 471, 478 (8th Cir. 2007) (quotation omitted). At sentencing, the district court found that Garcia's testimony (1) was "obviously false" because it was "preposterous" and lacked supporting details; (2) concerned a material matter because Garcia's testimony, if believed, "would almost certainly" have led to an acquittal; and (3) "was willful and not the result of confusion, mistake or faulty memory" because Garcia's "story was too elaborate and interwoven." The district court described specific portions of testimony that either Garcia "struggled to explain" or were simply "fanciful," and noted that Garcia's testimony under oath

directly contradicted his earlier statements to law enforcement made immediately after his arrest. The district court properly addressed each element of perjury, and the court's findings are sufficient to support an obstruction-of-justice enhancement by a preponderance of the evidence.

### B.

Garcia also argues that his sentence was substantively unreasonable. "We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted). "A sentence below or within the Guidelines range is presumptively reasonable on appeal." United States v. Barraza, 982 F.3d 1106, 1116 (8th Cir. 2020) (alteration omitted) (quoting United States v. Canania, 532 F.3d 764, 773 (8th Cir. 2008)).

Garcia contends the district court erred by giving "undue weight" to his perjury. A district court has wide latitude in deciding how to weigh the relevant factors under 18 U.S.C. § 3553(a). See United States v. Reid, 827 F.3d 797, 803–04 (8th Cir. 2016). When sentencing Garcia, the district court specifically noted that it weighed the gravity of the offense, the quantity of drugs involved, the sophistication of the drug trafficking organization, and Garcia's perjury at trial against Garcia's good character, work ethic, and "otherwise law-abiding life." The district court may "assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant," United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011), and the record demonstrates that the court properly considered the § 3553(a) factors. Under these circumstances, Garcia's sentence was not unreasonable.

## III.

We affirm the judgment of the district court.

_____