# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2785
_____

United States of America

*Plaintiff - Appellee*

v.

David Anthony Tumea

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 8, 2024
Filed: June 6, 2024
[Published]
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

After revoking David Anthony Tumea's term of supervised release, the district court[1] sentenced him to 12 months of imprisonment with 20 months of

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

supervised release to follow. Tumea appeals, arguing for the first time that the district court relied on "unproven and clearly erroneous facts" when deciding the appropriate sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In 2014, a jury found Tumea guilty of possessing an unregistered firearm and of possessing ammunition after having been convicted of a felony. The district court sentenced him to 96 months of imprisonment with 36 months of supervised release to follow. Tumea started his first term of supervised release on April 1, 2021, during which he was prohibited from using alcohol. On September 22, 2021, after he admitted to drinking alcohol at his home, Tumea agreed to a modification of his conditions to include participation in a cognitive behavioral treatment program.

On January 4, 2023, Tumea was arrested for unlawful possession of a controlled substance, including "16 white oval pills" described as oxycodone. Two days later, he submitted a urinalysis sample that tested positive for alcohol and methamphetamine. He admitted that he drank a pint of alcohol the night before and had smoked "10-20 hits of methamphetamine" three days prior. But, as Tumea's counsel explained at his February 2023 revocation hearing, the white pills had been tested and found not to be a controlled substance. As a result, the district court dismissed that violation. After that February hearing, the district court revoked Tumea's term of supervised release, imposed a time-served sentence, and ordered him to remain in custody "until a bed [was] available at the Residential Reentry Center" (RRC). The court also imposed a two-year term of supervised release.

On March 17, 2023, Tumea reported to the RRC to begin his second term of supervised release. In May 2023, Tumea's probation officer reported to the court that Tumea admitted to methamphetamine use but had agreed to participate in additional programming. The court concurred with the officer's assessment that no further action was required. One month later, the probation office notified the court

that RRC personnel found Tumea in possession of alcohol and other items considered contraband under the RRC's rules.

The district court held a second revocation hearing on July 20, 2023, where Tumea did not contest the violations. At the hearing, the court provided a comprehensive overview of Tumea's difficulties on supervised release. It described Tumea's case and personal history as "very, very complex," and, for that reason, found "what might seem like relatively minor violations" to be "gravely concerning." It noted that there were "reasons to be alarmed" by specific instances of Tumea's conduct, both pre-trial and post-verdict, as well as a "long pattern of wanting to collect weapons." The court then addressed Tumea's alcohol and drug use, noting that Tumea was found with "16 oxycodone pills" in January, that he "tested positive for methamphetamine" in April, and that he had "repeatedly been found to be drinking" on unannounced home visits. It also found that Tumea's substance abuse, when combined with his interest in weapons, was a matter "of great concern." The court then reflected that while Tumea had been "caught . . . with oxycodone and alcohol," he did seem to be "limiting or reducing his drug use," which it described as "positive[]." Based on Grade C violations and a criminal history category IV, Tumea's advisory Guidelines range was 6-12 months' imprisonment. After "consider[ing] all of the factors under 3553(a) and the advisory guidelines and the statutory penalties," the district court found revocation was "appropriate," and sentenced him to 12 months of imprisonment with 20 months of supervised release to follow.

II.

On appeal, Tumea argues that at his July 2023 revocation hearing, the district court procedurally erred when it relied on inaccurate information—that he had previously been in possession of oxycodone.

Procedural errors include "selecting a sentence based on clearly erroneous facts." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). Because Tumea failed to object at the hearing before the district court, we review for plain error. United States v. Godfrey, 863 F.3d 1088, 1095 (8th Cir. 2017). Thus, Tumea "must show that there was an error, the error is clear or obvious under current law, the error affected [his] substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Delgrosso, 852 F.3d 821, 828 (8th Cir. 2017) (quoting United States v. Poitra, 648 F.3d 884, 887 (8th Cir. 2011)).

We agree with Tumea that when the district court was reciting his history on supervised release it mistakenly referenced a prior alleged violation—possession of oxycodone—that had been dismissed for lack of evidence. But after careful review, we conclude that Tumea has not shown that the misstatement resulted in a less favorable sentence than he would have otherwise received. See United States v. Isler, 983 F.3d 335, 343 (8th Cir. 2020). The district court had presided over Tumea's trial, original sentencing, and a previous supervised release revocation hearing. Despite "hav[ing] tried everything [it] kn[e]w" to help Tumea, the court concluded that he had "not heeded our concerns about his drug and alcohol use." It was this "escalation of substance abuse when combined with apparent either reinterest or continuing interest in weapons" that the district court found to be "of great concern." The court misspoke when it mentioned oxycodone, but it did so in the context of a larger discussion about Tumea's longstanding struggle to comply with conditions of supervised release, and we discern nothing in the record to indicate that the misstatement "affect[ed] the district court's sentencing conclusion." United States v. Wise, 17 F.4th 785, 789 (8th Cir. 2021) (quoting United States v. Moody, 930 F.3d 991, 993 (8th Cir. 2019)).

We affirm the judgment of the district court.

_____