# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2196
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Dewayne Brown

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: November 26, 2024
Filed: December 3, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Anthony Brown appeals the sentence the district court[1] imposed after revoking his supervised release. His counsel has moved for leave to withdraw, and has filed

_____

[1]The Honorable Stephanie M. Rose, Chief Judge of the United States District Court for the Southern District of Iowa.

a brief arguing that the sentence is procedurally erroneous and substantively unreasonable.

After careful review, we conclude that Brown's procedural challenge related to an enhancement imposed at his original sentencing amounts to an impermissible collateral attack on his underlying sentence, which he cannot raise in his supervised-release proceedings. See United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009); United States v. Evans, 87 F.3d 1009, 1010 (8th Cir. 1996). As to his argument that the district court procedurally erred when summarizing his criminal history, an issue we review for plain error, we conclude he failed to show that any misstatement resulted in a less favorable sentence than he would have otherwise received. See United States v. Tumea, 103 F.4th 1349, 1352 (8th Cir. 2024) (per curiam) (standard of review).

We further conclude that the district court did not abuse its discretion by imposing a substantively unreasonable sentence. The record reflects that the court properly considered the relevant statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors; and the sentence is within the statutory limits and the Guidelines range. See 18 U.S.C. §§ 3553(a); 3583(b)(2), (e)(3), (h); United States v. Wilkins, 909 F.3d 915, 917-18 (8th Cir. 2018) (standard of review); U.S.S.G. § 7B1.4(a).

Accordingly, we affirm the judgment and grant counsel's motion to withdraw.

_____