# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1012
_____

United States of America

*Plaintiff - Appellee*

v.

Lemarcus Arthur Wright

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: June 9, 2025
Filed: July 29, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

PER CURIAM.

In 2015, Lemarcus Wright pleaded guilty to conspiracy to distribute cocaine base. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court[1] sentenced him to 92 months' imprisonment followed by 5 years' supervised release.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Wright's term of supervised release began on July 20, 2020. Wright repeatedly violated the terms of his supervised release, leading the district court to revoke it twice. On December 17, 2024, the district court held a third revocation hearing following nine more violations—four failures to follow the probation officer's instructions, one failure to truthfully answer the probation officer's questions, one failure to reside at an approved residence, two uses of marijuana, and patronization of a bar. The district court calculated an advisory sentencing guidelines range of 8 to 14 months' imprisonment and sentenced him to a top-of-range term of 14 months without any further supervised release to follow. Wright appeals his sentence, contending that the district court committed procedural error and that the sentence was substantively unreasonable.

We begin with Wright's procedural challenge. *See United States v. Black*, 129 F.4th 508, 513 (8th Cir. 2025) ("We review a district court's sentence in two steps, first reviewing for significant procedural error, and second, if there is no significant procedural error, we review for substantive reasonableness."). Wright contends that the district court committed procedural error by commenting at the revocation hearing that "marijuana puts you in that world of people who sell drugs." In Wright's view, this comment suggested that his marijuana use necessarily put him in company with criminals, in violation of the terms of his supervised release. He claims that this insinuation is unfounded because Illinois has state-licensed marijuana dispensaries that are easily accessible to Wright, whose hometown of Davenport, Iowa borders Illinois. Therefore, Wright argues, his use of marijuana did not necessarily mean that he had associated with criminals. *See United States v. Tumea*, 103 F.4th 1349, 1352 (8th Cir. 2024) (per curiam) ("Procedural errors include selecting a sentence based on clearly erroneous facts." (internal quotation marks omitted)).

Wright did not object to the district court's comment during the revocation hearing, so we review his challenge for plain error. *See id.* To prevail under the plain error standard, Wright "must show that there was an error, the error is clear or obvious under current law, the error affected [his] substantial rights, and the error

-2-

seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See id.* (alteration in original). Even assuming the other requirements are met, Wright fails to establish that the alleged error affected his substantial rights. "An error affects substantial rights if there is a reasonable probability . . . that but for the error [the defendant] would have received a more favorable sentence." *United States v. Sholley-Gonzalez*, 996 F.3d 887, 899 (8th Cir. 2021). There is no such reasonable probability here. The district court did not ground its sentence solely on Wright's potential association with criminals. Rather, it listed his violations of several of the conditions of his supervised release, including drug use and not living in a residence approved by his probation officer. Moreover, the district court emphasized that it was "less concerned, frankly, about the marijuana use than [it was] about the constant and chronic lying to the probation office." It was on the basis of Wright's repeated violations of numerous conditions of his supervised release that the district court sentenced him to prison time instead of a fourth stint of supervised release. Therefore, even assuming that the challenged comment was erroneous, Wright has not shown a reasonable probability that, but for the comment, he would have received a more favorable sentence. Accordingly, we reject Wright's procedural challenge to his sentence.

We now turn to Wright's argument that his sentence was substantively unreasonable. He contends that the district court improperly weighed the sentencing factors under 18 U.S.C. § 3553(a) by overemphasizing aggravating factors and underemphasizing mitigating factors. "We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard." *United States v. Garcia*, 61 F.4th 628, 632 (8th Cir. 2023). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.*

We detect no abuse of discretion here. The district court noted that it had "considered all of the factors under [§] 3553(a)." "A district court has wide latitude

-3-

in deciding how to weigh the relevant factors under 18 U.S.C. § 3553(a)." *Id.* The district court noted Wright's longstanding issues complying with the terms of his supervised release, including his drug use, dishonesty with probation officers, and failure to reside at his approved residence. Based on Wright's repeated violations and multiple revocations, we cannot say that the district court abused its discretion in sentencing him to a within-guidelines prison term instead of yet another term of supervised release. *See id.* ("A sentence below or within the Guidelines range is presumptively reasonable on appeal.").

The judgment of the district court is affirmed.

_____