# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2980
_____

United States of America

*Plaintiff - Appellee*

v.

Wendell Clemons

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 19, 2025
Filed: October 8, 2025
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Wendell Tiallo Clemons of being a felon in possession of a firearm and forcibly assaulting, resisting, and opposing a federal law enforcement officer in violation of 18 U.S.C. §§ 111(a)(1) and (b), 922(g)(1), and 924(a)(2). The district court sentenced him to 77 months in prison. He appeals his conviction. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Clemons believes the district court erred in denying him a new trial based on a jury instruction that included information about his prior felony convictions. Before trial, Clemons had not decided whether to stipulate to his prior felony convictions. The parties thus submitted a jointly proposed jury instruction on the elements of a felon-in-possession charge that included his prior convictions:

**INSTRUCTION NO. 26**

It is a crime for a felon to possess a firearm, as charged in Count Two of the Indictment. This crime has four elements:

*One*, the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*, after that, the defendant knowingly possessed a firearm, that is, a Ruger, Model EC9s, 9 mm semiautomatic firearm, bearing Serial Number 456-98711;

*Three*, at the time the defendant knowingly possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

*Four*, the firearm was transported across a state line at some time during or before the defendant's possession of it.

You are instructed that tampering or fabricating physical evidence and assaulting a public servant are each crimes punishable by imprisonment for more than one year under the laws of the State of Texas, and possession of a controlled substance is a crime punishable by imprisonment for more than one year under the laws of the State of Missouri.

During trial, Clemons stipulated to the prior felony convictions, negating the need for the government to present evidence of them. Before instructing the jury,

-2-

the district court discussed the proposed instructions with the parties. Clemons did not object to Instruction No. 26.

The court gave jurors copies of the instruction and then read them aloud. The court stopped during Instruction No. 26 after beginning to read the last paragraph about Clemons's prior convictions. After conferring with counsel, the court asked the jurors to return their instructions, dismissing them from the courtroom. Clemons moved for a mistrial, arguing that the instruction improperly disclosed the details of his prior felony convictions. The district court denied the motion. Instead, it issued a revised Instruction No. 26, removing the paragraph about the prior convictions. It then instructed the jury:

> Ladies and gentlemen of the jury, you are instructed to ignore the previous Instruction No. 26. You must not even discuss the prior Instruction No. 26. Only use the current copy 26.

Clemons argues the partial reading of the original Instruction No. 26 was "a prejudicial error, and likely resulted in a serious miscarriage of justice requiring reversal of Appellant's conviction, and remand for a new trial." This court reviews the "denial of a motion for a new trial for abuse of discretion." *United States v. Sully*, 114 F.4th 677, 682 (8th Cir. 2024).

In *Old Chief v. United States*, the Supreme Court held that a district court usually abuses its discretion if, in a felon-in-possession case, it rejects a defendant's offer to stipulate to a prior felony conviction and instead allows the government to introduce evidence of the conviction. *See Old Chief v. United States*, 519 U.S. 172, 174, 191–92 (1997). When a district court erroneously admits "evidence of a § 922(g) defendant's prior convictions," this court applies the "harmless error analysis" under Federal Rule of Criminal Procedure 52(a). *United States v. Horsman*, 114 F.3d 822, 827 (8th Cir. 1997). Rule 52(a) provides: "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." **Fed. R. Civ. P. 52(a)**. The rule requires reversal for *Old Chief* error

"only if the jury may have been substantially swayed by improperly admitted evidence." ***United States v. Taylor***, 122 F.3d 685, 688 (8th Cir. 1997).

As the district court found, the error here was harmless. The district court stopped reading the instruction as soon as it began describing Clemons's prior convictions. It then directed the jurors to turn in their copies of the instructions. The district court found "there is no indication that any juror read all the details of Defendant's prior convictions." Even if some jurors read the paragraph, it did not say that Clemons had been convicted of the crimes described. Rather, it said only that the crimes were punishable by imprisonment for more than one year. To eliminate any possible prejudice, the district court told the jurors to ignore the initial version of Instruction 26 and not discuss it. "It is presumed that a jury will follow a curative instruction unless there is an overwhelming probability that it was unable to do so." ***United States v. Gomez-Diaz***, 911 F.3d 931, 935 (8th Cir. 2018) (internal quotation marks omitted). Nothing in this case suggests an "overwhelming probability" that the jury was unable to follow the district court's clear instruction to disregard the initial version of Instruction No. 26. *Id.*

Additionally, the evidence of Clemons's guilt was substantial. On the felon-in-possession count, the only element in dispute was whether Clemons possessed the gun. The evidence showed he did. Clemons's girlfriend testified he took her gun and car keys. After fleeing from officers and backing his girlfriend's car into a wall, police found a gun underneath the driver's seat. *See **United States v. Banks***, 43 F.4th 912, 918 (8th Cir. 2022) ("The district court did not abuse its discretion in concluding that a jury reasonably could infer that Banks sought to flee the patrol car because he recognized that officers were on the brink of discovering his unlawful possession of firearms in the trunk of the rental car."). Clemons's girlfriend identified the gun as the one he took from her. On the assault charge, two officers testified that Clemons refused to comply with their directions to get out of the car and then accelerated away. As he drove off, he ran over one of their feet. Security video from the parking garage corroborates the officers' testimony.

The district court was in the best position to evaluate the effect of the instruction on the jury. *See **United States v. Beal***, 430 F.3d 950, 955 (8th Cir. 2005) ("The district court is in a better position to measure the effect of inadmissible testimony on a jury than an appellate court."). It did not abuse its discretion in denying his motion for a new trial. *See **United States v. Walker***, 720 F.3d 705, 706–07 (8th Cir. 2013) (holding no prejudice where the district court read a "portion of the indictment stating the nature" of a prior conviction because the evidence of guilt was substantial and the district court instructed the jury at the start and end of trial that the indictment was not evidence of anything).

Clemons also challenges the constitutionality of 18 U.S.C. § 922(g)(1), both on its face and as applied. As Clemons acknowledges, binding precedent precludes this argument. *See **United States v. Cunningham***, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional."); ***United States v. Jackson***, 110 F.4th 1120, 1125, 1129 (8th Cir. 2024) (holding "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____